Steven E. Suvada and John Konecnik, Co-Partners, d/b/a F. & K. Milk Service, Plaintiffs-Appellants, v. White Motor Company, a Corporation, and Bendix-Westinghouse Automotive Air Brake Company, a Corporation, Defendants-Appellees.

**Gen. No. 49,132.**

First District, Second Division.

March 24, 1964.

Richard C. Bleloch and Howard C. Sorensen, of Chicago (Leonard M. Ring, of counsel), for appellants.

Vogel & Vogel, of Chicago (David F. Holland, of counsel), for appellee, White Motor Company. Ruff and Grotefeld, William S. Grotefeld, John E. Guy and John D. Pope, all of Chicago, for appellee, Bendix-Westinghouse Automotive Air Brake Company.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiffs ask judgment for property damages and for expenditures made in settlement, investigation and legal defense of a collision between their motor vehicle and a bus. Counts I and V of the amended complaint as amended (hereinafter called the complaint) seek recovery of property damage only against White Motor Company. Counts II and VI of the complaint seek recovery for property damage only against Bendix-Westinghouse Automotive Air Brake Company. Counts I and II base the liability of the defendants upon breach of warranty; Counts V and VI base the liability of the defendants upon negligent misconduct. Of the foregoing four Counts (all of which seek only recovery for property damage to the motor vehicle of plaintiffs) the court dismissed Count II and entered judgment thereon. Counts III, VII and IX seek re-

covery for indemnification of expenditures made in the settlement, investigation and legal defense of the collision as against White. Counts IV and VIII seek recovery for expenditures made in settlement, investigation and legal defense of the collision as against Bendix. Counts VII, VIII, IX and X base the liability of the defendants, in the alternative, for indemnification upon their sole act of negligence. Counts III and IV base the liability of the defendants for indemnification upon the breach of warranty. The court dismissed all the Counts that seek indemnification against defendants on the ground that they fail to state a cause of action and entered judgment thereon. Plaintiffs appeal.

The plaintiffs' theory of the case is that the defendants are subject to liability based upon breach of warranty and that they are entitled to indemnification from the defendants based upon either their sole active negligence or their breach of warranty. White's theory of the case is that the plaintiffs are seeking contribution among joint tortfeasors, and alternatively, that if the plaintiffs' employee was exercising due care and caution, then no liability existed on the plaintiffs for the payment of any damages, and such payments were voluntary and without legal obligation. Bendix' theory of the case is that the plaintiffs are seeking contribution among active joint tortfeasors, or, alternatively, are seeking reimbursement for payments made without consideration or requirement, and therefore as volunteers, and that breach of warranty cannot be used by plaintiff against the defendant because of a failure of the condition precedent of privity. Motions by the defendants to dismiss the appeal were taken with the case and have been argued in the briefs. Defendants say that what purports to be the judgment is not a final order and contains none of the elements of a final order; that it is an inter-

320

locutory order. Defendants state that to be final and appealable the order must terminate the litigation and dispose of the rights of the parties; that the order accomplished neither; that the litigation is left pending in the trial court and that none of the parties gained or lost any rights. The trial court expressly found that there is no just reason for delaying enforcement of its order, or appeal. This was an expression of the trial court's discretion. The trial court found that its judgment finally determined fewer than all of the rights and liabilities at issue in the litigation. Sec 50(2) of the Civil Practice Act requires that the trial judge exercise his discretion as to whether an appeal should be dispatched. The certification by the trial judge constitutes a finding that must be given substantial weight that fewer than all the rights and liabilities of the parties were finally disposed of. Ariola v. Nigro, 13 Ill2d 200 at 203, 148 NE2d 787. The following cases are cited by defendants in support of their motion. Biagi v. O'Connor, 18 Ill2d 238, 163 NE2d 461; Veach v. Great Atlantic & Pacific Tea Co., 22 Ill App2d 179, 159 NE2d 833; Hawthorn Mellody Farms Dairy, Inc. v. Elgin, J. & E. Ry. Co. v. Cuneo, 18 Ill App2d 154, 151 NE2d 393; Krambeer v. Canning, 33 Ill App2d 208, 178 NE2d 147 and Vogel v. Melish, 37 Ill App2d 471, 185 NE2d 724. We do not think that these cases are applicable to the factual situation of the case at bar. In Ranz v. Yaschenko, 329 Ill App 274, 67 NE2d 891, the court dismissed a cross appeal on the basis that a judgment on a directed verdict on Count I of a two Count complaint from which there had been no appeal was a "definitive disposition of the issues in the negligence case." We are of the opinion that the motions to dismiss are without merit and they are denied.

 The first point urged by the plaintiffs is that the manufacturer is subject to liability to a sub-pur-

chaser for breach of warranty because of a product that is inherently dangerous or defectively made. White asserts that where persons are injured in a collision caused by a vehicle's brake failure and the operator and owner of the vehicle are without fault the injured person may not maintain an action against the operator or owner of the vehicle and any payments in settlement of their claims are voluntary, citing Halligan v. Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590. In the Shulman case we did not decide the issue of disparity of negligence between the respective parties. White states that where payments in settlement of claims are made to injured persons because of liability to the injured persons no right of contribution or indemnity exists, again citing the Shulman case. Bendix maintains that lack of privity between plaintiff and it is a defense to actions founded upon breach of implied warranty; that even if privity existed, implied warranty does not extend beyond the immediate "distributive chain" and will not extend to a later repurchaser of the used product and back to the manufacturer of one small part of the product. White also states that where the brakes of a motor vehicle fail through no fault of the owner or operator and a collision results persons injured in the collision cannot successfully maintain an action against the person chargeable with the operation of the motor vehicle. White further insists that the right to indemnification either arises from a contract or from a vicarious liability without active fault on the part of the claiming indemnitee and the showing that the indemnitee has no contract and was not compelled under law to pay the sum sought to be recovered and that the indemnitee was either not negligent or was actively negligent, will preclude the right to indemnification.

In the complaint it is alleged that an employee of plaintiffs was driving a tractor-trailer unit owned by plaintiffs at the time of the collision on June 24, 1960. The collision occurred between plaintiffs' tractor-trailer unit and a bus of the Chicago Transit Authority. The tractor-trailer unit was being operated and controlled by the employee in the scope of plaintiffs' enterprise. On February 11, 1957, plaintiffs purchased a used and reconditioned 1953 tractor from White. The tractor was equipped with a brake system manufactured and supplied by Bendix. It is uncontroverted that no contract for indemnification exists between plaintiffs and either defendant. Bendix manufactured and supplied the brake system which White installed in the motor vehicle. In 1957 plaintiffs purchased from White a 1953 motor vehicle for use in plaintiffs' business of distributing milk. White installed a brake system in the reconditioned motor vehicle and that brake system was manufactured and supplied by Bendix. The complaint alleges that as a result of the collision the tractor-trailer unit was damaged and numerous persons were injured. The plaintiffs expended money for investigation of the collision and in the defense of law suits arising out of the collision. It is further alleged that the collision was caused by an inherently dangerously made brake system in the tractor-trailer, and that the unit was purchased from White and the brake system was manufactured by Bendix. Plaintiffs allege that they made compromise settlements of some of the personal injury claims and property damage claims, and that they expended money in repair of their tractor-trailer. The complaint alleges that the failure of the braking system to operate was because of an inherently dangerous and defectively made linkage bracket. The plaintiffs prosecute their causes of action against the seller and

323

manufacturer of the brake system for recovery of property damage to their tractor-trailer unit and, additionally, for indemnification of expenditures made by them in settlement, investigation and defense of claims that arose out of the collision.

Plaintiffs argue that Counts VII to X inclusive state valid alternative juristic causes of action for indemnification against the defendants based upon their sole active negligence and that such indemnification does not constitute contribution between joint tortfeasors. Plaintiffs state that the amounts paid by them for settlement, investigation and defense of personal injuries and property damage claims constitute proper elements of damage for indemnification from defendants; that these expenditures are reasonably probable and foreseeable as a direct result of the sale and manufacturing of an inherently dangerous or defectively made product and that the expenditures under the facts pleaded do not make them volunteers.

In the recent case of Goldberg v. Kollsman Instrument Corp., 240 NYS2d 592, 191 NE2d 81, 82, the court said p 594: "A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer. . . . As we all know, a number of courts outside New York State have for the best of reasons dispensed with the privity requirement. . . . Very recently the Supreme Court of California (Greenman v. Yuba Power Prods., Inc., 59 Cal 2d 67, 27 Cal Rptr 697, 377 P2d 897 [1963], supra) in a unanimous opinion imposed 'strict tort liability' (surely a more accurate phrase) regardless of privity on a manufacturer in a case where a power tool threw a piece of wood at a user who was not the purchaser.

The California court said that the purpose of such a holding is to see to it that the costs of injuries resulting from defective products are borne by the manufacturers who put the products on the market rather than by injured persons who are powerless to protect themselves and that implicit in putting such articles on the market are representations that they will safely do the job for which they were built." The majority of the judges of the New York Court of Appeals decided that for the present they did not think it necessary to extend the rule to hold liable the manufacturer of a component part. The majority thought that adequate protection is being provided for the passengers of the airplane by casting in liability the airplane manufacturer which put into the market the completed aircraft.

The cases in Illinois appear to follow the thinking of the New York court. Rotche v. Buick Motor Co., 358 Ill 507, 193 NE 529, cites MacPherson v. Buick Motor Co., 217 NY 382, 111 NE 1050 in support of the proposition that the manufacturer who places in the stream of commerce a product that becomes dangerous to life and limb of the public is liable to a subpurchaser because of the nature of the product and that the liability is not based upon a contractual relationship. In Lindroth v. Walgreen Co. and Knapp-Monarch Co., 329 Ill App 105, 67 NE2d 595, the court held that where the product is inherently dangerous a cause of action by the subpurchaser against the manufacturer exists in the absence of privity. See also Biller v. Allis Chalmers Mfg. Co., 34 Ill App2d 47, 180 NE2d 46. Today's manufacturer, selling to distributors or wholesalers, is still interested in the subsequent sales of the product. His advertising is not aimed at his distributors. The historical relative equality of seller and buyer no longer exists. A prod-

uct that is inherently dangerous or defectively made constitutes an exception to the requirement of privity in an action between the user of the product and its manufacturer. We cannot say from the allegations of the complaint that Bendix is beyond the immediate distributive chain. The complaint alleges that Bendix manufactured an inherently dangerous or defectively made brake system which was installed by White into a motor vehicle as part of its renovation. Bendix is charged with manufacturing and supplying that brake system. The complaint does not charge that the brake system was reconditioned.

The exception to the privity requirement is not superseded nor is it modified by the provisions of the Uniform Commercial Code. In Comment 3 to Sec 2–318 of the Code, the drafters state that: "the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." In Henningsen v. Bloomfield Motors, 32 NJ 358, 161 A2d 69 the court held that the subpurchaser is entitled to recover from a manufacturer of an automobile that is inherently dangerous or defectively manufactured in the absence of privity. The court said that it could find no distinction between an unwholesome food case and a defective car. This position was also taken in B. F. Goodrich v. Hammond, 269 F2d 501 (10th Circuit Kansas). In that case the administrator of an estate of a subpurchaser and wife who were occupants of an automobile sued the tire manufacturer for breach of implied warranty. Goodrich sold blowout proof tires. The mishap resulted because of a defect in the manufacture of a tire that caused a sudden blowout. In deciding that the subpurchaser and his wife had a cause of action against the manufacturer based upon breach of warranty, the court said, p 502: "Privity is

not essential where an implied warranty is imposed by law on the basis of public policy."

A motor vehicle that is operated on the highways with a braking system that is inoperative is obviously dangerous to life and limb. The State of Illinois recognizes the necessity for a proper braking system in motor vehicles and has declared it to be public policy of the State that all motor vehicles manufactured and sold within the State shall be equipped with brakes adequate to control the movement of the vehicle. The manufacturer of the braking system is in the best position to provide and insure an adequate braking system for motor vehicles that are driven on the public highways. Ill Rev Stats 1963, c 95½, § 211. We think that the court erred in striking the counts based on the theory of an implied warranty.

█ We turn to a consideration of the contention of plaintiffs that Counts VII to X of the complaint state valid alternative juristic causes of action for indemnification against the defendants based upon their sole act of negligence and that such indemnification does not constitute contribution between joint tortfeasors. The amended complaint alleges that plaintiffs' tractor-trailer unit was being driven by their employee within the scope of their business at the time of the collision; that the collision was caused solely by the inherently dangerous and defectively made brake system of the tractor-trailer unit; that the brake system was sold by White and manufactured by Bendix; that the defendants were guilty of active negligent sale and manufacture of the inherently dangerous or defectively made brake system of the tractor-trailer unit and that any wrongful conduct on the part of plaintiffs appeared to be passive. In the Rotche case the Supreme Court held that a subpurchaser is entitled to sue the seller and manufacturer of the automobile for negligence if the product is

327

inherently dangerous or defectively made. In Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, the court said, p 156, 98 NE2d 783: "The vast growth of negligence law has markedly changed the characteristics of negligence actions. Legal negligence no longer embodies a concept of misbehavior just short of the criminal or the immoral. The courts have, therefore, had to find a way to do justice within the law so that one guilty of an act of negligence—affirmative, active, primary in its character—will not escape scot-free, leaving another whose fault was only technical or passive to assume complete liability." In the last mentioned case the court states that the basis for granting indemnity exists where the parties are not in pari delicto, and that where one of the parties is guilty of negligence which is of a passive character and the other party's negligence is of an active character indemnity would be granted in favor of the passive party. This proposition has been consistently approved. See Chicago Rys. Co. v. R. F. Conway Co., 219 Ill App 220, 223, and Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 537–8, 165 NE2d 346.

In Chicago Rys. Co. v. R. F. Conway Co., 219 Ill App 220, the trucking company had parked its truck so near the track that one of plaintiff's employees was pinned between a car and the truck and was injured. Plaintiff had paid employers' liability compensation and sued to recover indemnity. The court said, p 223: "It is a general and long-established rule of law that neither contribution nor indemnity will be given to one of several joint tortfeasors against the other. This rule is only applied to cases of intentional or conscious wrongdoing. Wanack v. Michels, 215 Ill 87." In Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783, supra, the trial court struck the complaint and this court reversed. The court said, p 158: "The oldest and most approved

328

statement of the principle involved in this case is found in Lowell v. Boston & Lowell Railroad Corp., 23 Pick (Mass) 24, as follows: 'In respect to offenses in which is involved any moral delinquency or turpitude all parties are deemed equally guilty, and the courts will not inquire into their relative guilt; but where the offense is merely malum prohibitum and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties and to administer justice between them although both parties are wrongdoers.' " The opinion points out that this statement of law has been approved by the Supreme Court of the United States and the Supreme Court of Illinois, citing Washington Gas Light Co. v. District of Columbia, 161 US 316, 327 and Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331, 338, 141 NE 739.

In relation to the persons who were injured on the CTA bus, the CTA and the driver of plaintiffs' vehicle, the plaintiffs were subject to liability pursuant to Ill Rev Stats c 95½, § 211, Motor Vehicle Act. Paragraph 1 of this section provides that every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brake, each of which means shall be effective to apply the brakes to at least two wheels. Paragraph 3 provides that every trailer or semitrailer of a gross weight of 3000 pounds or more when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle and so designed as to be applied by the driver of the towing motor vehicle from its cab, and said brakes shall be so designed and connected that in case of an accidental breakaway of the towed vehicle the brakes shall be automatically applied. Other para-

graphs of this section define performance and ability of brakes. The concluding paragraph of the section provides that all brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle. Under the allegations of the complaint Bendix created a defective brake system and White installed the defective brake system into a motor vehicle, thereby creating the inherently dangerous instrument. Plaintiff violated the cited provisions of the Motor Vehicle Act by allowing their motor vehicle on the highways of Illinois with an inadequate brake system. The character of the negligence of the defendants is different. It was their conduct that created, supplied and made possible the use of the inherently dangerous brake system that caused the mishap.

In Louis v. Youngren, 12 Ill App2d 198, 138 NE2d 696, an opinion written by Justice Kiley, the court affirmed a judgment in a personal injury action arising from a collision between an automobile driven by plaintiff and a truck driven by defendant Earle, owned by defendant Youngren and leased to Sims Motor Transport Lines. In a specially concurring opinion Justices Feinberg and Lewe said that another substantial basis for holding Youngren liable was that the complaint charged that the defendants drove the motor vehicle with inadequate brakes in violation of Ill Rev Stats 1955, c 95½, § 211; that whether the truck had defective brakes becomes a question of fact for the jury and that if the jury believed that the brakes were defective then Youngren, as the owner of the truck (at p 208), "in allowing the truck to be driven by his servant in the highly hazardous business of interstate commerce on the public highways, is liable for injury resulting from the defective condition of the brakes."

■ A cause of action, as defined with reference to its elements, consists of a primary right of plaintiff, a corresponding duty of defendant, and a wrong by defendant in breach of such right and duty. 1 CJS Actions § 8(e) p 984. Subject to conditions or limitations prescribed by the statute, the violation of a duty imposed by statute gives rise to a cause or right of action in favor of a person the statute was designed to benefit, who is injured without any fault on his part. 1 CJS Actions § 9(b) p 990. See also Boyer v. Atchison, T. & S. F. Ry. Co., 34 Ill App2d 330, 335, 181 NE2d 372.

Both defendants rely heavily on our opinion in Halligan v. Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590. In the Shulman case we did not discuss public policy of Illinois as set out in the Motor Vehicle Act concerning the duty of manufacturers and users of motor vehicles to have the vehicle equipped with adequate brakes. We are of the opinion that Sec 211 of the Motor Vehicle Act imposes a duty on the operator and seller of a motor vehicle to have it equipped with brakes adequate to control the movement of and to stop and hold such vehicle. We find that under the allegations of the complaint there was a duty on the plaintiffs, and their driver to have adequate brakes and that it was no defense to a claim or action against plaintiffs by the CTA or the passengers on the bus that the brakes were defective due to the fault of the manufacturer or the seller. It is only in relation to the conduct of the defendants that the conduct of the plaintiffs is blameless. We think that plaintiffs have a right to prosecute their actions.

Plaintiffs urge that the amounts paid by them in settlement, investigation and defense of personal in-

331

juries and property damage constitutes a proper element of damage for indemnification from the defendants and that such expenditures by them do not necessarily make them volunteers. The complaint pleads these elements.

In Palmer House Co. v. Otto, 347 Ill App 198, 106 NE2d 753, the court said, p 201: "The rule is well settled that one who, without personal fault on his part, has become subject to tort liability for the unauthorized and wrongful conduct of another is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." [Citing cases.] See also Standard Oil Co. of Indiana v. Burkhartsmeier Co-op Co., 333 Ill App 338, 77 NE2d 526. In Boston v. Old Orchard Business Dist., Inc., 26 Ill App2d 324, the court said, p 329, 168 NE2d 52: "Whether the legal principle upon which the third party complaint is based is contribution or indemnity, in either case the fact that a third party against whom a legal liability is asserted made a fair settlement in good faith without a judgment having been entered against him does not prevent his seeking to enforce a claim for reimbursement against another person primarily responsible for the injury suffered by the plaintiff (see Palmer House Co. v. Otto, 347 Ill App 198, 201, 106 NE2d 753), and where, as in the case before us a third party complaint was filed, all unresolved questions can properly be determined in that suit." Plaintiffs are not volunteers. They are the owners of the tractor-trailer unit that collided with the bus, and as owners of this unit or as employer of the driver of the unit, they were subject to being sued. The owner of the unit was under a duty to operate the motor vehicle with adequate brakes in Illinois and failure to do so subjects the operator to liability. The failure of

the brakes made the plaintiffs answerable to third parties. Under the allegations of the complaint plaintiffs are not volunteers and have a right to prosecute their counts for indemnification from the defendants.

For these reasons the judgment is reversed and the cause is remanded with directions to reinstate the Counts that were dismissed and for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.

ON REHEARING

Having reconsidered the briefs and having studied the petitions for rehearing, the answer, the replies and the pertinent authorities we have decided to adhere to our opinion.

We do not hold that the violation by plaintiffs of Sec 211 of the Motor Vehicle Act constitutes negligence per se. The violation of a statute is deemed to be evidence of negligence or prima facie negligence. As in Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 18, 184 NE2d 808, we cannot say, prior to hearing evidence that the negligence complained of is active or passive in nature. The doctrine of comparative negligence is not an issue in this case. It has no application to suits between active and passive wrongdoers. Neither the recognition of a right to indemnity nor the recognition of a right to contribution rests upon comparative negligence.

Recently another division of this Court in Knab v. Alden's Irving Park, Inc., 49 Ill App2d 371, 199 NE2d

333

815, held that children's wearing apparel made of highly flammable material was inherently dangerous and reversed a judgment for a directed verdict in favor of the minor on a third-party complaint filed against it by the retailer who sold the garment to the minor's mother. See also Hardman v. Helene Curtis Industries, Inc., 48 Ill App2d 42, 59, 60, 198 NE2d 681.