Country Mutual Insurance Company, an Illinois Corporation, Plaintiff-Appellant, v. George E. Drendel, Individually and as Administrator of the Estate of Gordon Drendel, Deceased, Defendant-Appellee.

Gen. No. 69–65.

Second District.

November 18, 1969.

Matthews, Jordan, Dean and Suhler, and John L. Petersen, of Aurora, for appellant.

Gromer, Abbott and Wittenstrom, of Elgin, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The Country Mutual Insurance Company appeals from an order of the Circuit Court of Kane County entered February 6, 1969, that dismissed its amended complaint "for failure to state a sufficient cause of action."

The complaint alleged that Country Mutual had issued a policy of automobile liability insurance to the defendant, George E. Drendel, that included uninsured motorist coverage for Drendel and members of his household. During the period covered by the policy, Gordon Dren-

del, the son of George and a member of his household, was involved in an automobile accident that resulted in his death. The driver of the other automobile was uninsured at the time of the accident.

The amended complaint further alleged that George Drendel was duly appointed Administrator of his son's estate and that he did, through his attorney, enter into negotiations with Country Mutual to settle any claims under the policy. Country offered to settle the claim for $11,000 and a waiver of its rights of subrogation and, on July 23, 1968, Drendel, through his attorney, accepted that offer. A letter of that date from Attorney Clarence F. Wittenstrom, Jr. to Country is attached to the complaint as an exhibit. The letter stated:

> "With respect to your letter of July 22, 1968, please be advised that we are authorized to accept Mr. Haas' offer to conclude. We understand such offer to be $11,000.00 in cash plus waiver of all of your company's right of subrogation under your policy with Mr. Drendel, including any and all rights of subrogation included in the 'Trust Agreement' portion of Section 2 of your personal vehicle policy.
>
> "Please prepare the necessary papers and submit them to us."

The complaint goes on to state that the necessary documents were forwarded to Wittenstrom on July 31 but were returned, unsigned, on September 10 with a letter to the effect that Drendel demanded arbitration of the claim pursuant to the provisions of the policy. Country asked the trial court to compel Drendel to perform his obligations under the settlement agreement.

The motion of the defendant to dismiss was on the grounds that the complaint failed to state a cause of action since it showed on its face that the parties had not made an oral settlement but "were merely negotiat-

ing as to its terms" and that, in any event, an oral agreement to settle a tort case is not binding until releases are executed or "disposition of the case has been made an accomplished fact." The motion stated further that the releases forwarded by Country required the approval of the Probate Court as a condition precedent to settlement and that the complaint filed failed to allege that the condition had been performed and was, therefore, defective. The trial court did not indicate the basis of its order of dismissal.

It is clear that the parties, through the policy of insurance, were in a direct contractual relationship and that the matter at issue between them was based on that relationship and not on the alleged tort of a third party. The agreement alleged by the plaintiff was a settlement of the defendant's claim under the provision of the insurance policy and not an oral settlement agreement in a tort case. Therefore, the defendant's argument, that an oral settlement of a tort case is not binding without some further positive action, is not in point.

The defendant cites the recent case of Country Mut. Ins. Co. v. National Bank of Decatur, 109 Ill App2d 133, 248 NE2d 299, to the effect that a claim under an uninsured motorist provision is one in tort, not contract. However, it is clear that the court in that case was concerned with an interpretation of the contract of insurance between the parties. The contract provided that Country would pay ". . . all sums which the Insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. . . ." The insured filed a demand for arbitration three years after the date of the accident. By that time, the insured was not legally entitled to recover any damages from the uninsured motorist since he had failed to exercise his right of action for wrongful death within the time provided in the statute.

■ ■ The law looks with favor upon the settlement of disputes and, unless specifically prohibited, an oral agreement to settle a matter at issue will be upheld and enforced. Knoll v. Swanson, 92 Ill App2d 398, 402, 403, 234 NE2d 543. There is no reason why a dispute based on a contract, including a contract of insurance, cannot be settled by the oral agreement of the parties. Although it is obvious an oral settlement agreement may be more difficult to establish by competent proof than a written agreement, that is a matter of evidence and does not concern the validity of the agreement itself.

■ Since we have concluded that there is no reason why the parties could not enter into an oral settlement agreement, it is only necessary to examine the amended complaint to ascertain whether it contains the necessary allegations to state a cause of action. The amended complaint alleged that the parties had commenced negotiations to settle the claim based on the uninsured motorist provision of the contract of insurance and that the defendant had on July 23, 1968, accepted the offer of Country Mutual in full settlement. The letter of that date from the defendant's attorney that was made part of the complaint stated ". . . we are authorized to accept . . . (the) . . . offer. . . ." These allegations do not show on their face that the parties were "merely negotiating" as argued by the defendant but state, with sufficient clarity, that there had been a meeting of the minds as of July 23 and an agreement made on that date.

■ A motion to dismiss admits all facts well pleaded and a cause of action should not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. Consolidated Const. Co. v. Great Lakes Plumbing & Heating Co., 90 Ill App2d 196, 206, 234 NE2d 378; Louis v. Barenfanger, 81 Ill App2d

104, 110, 226 NE2d 85. We feel that the amended complaint contains allegations of specific facts which, if proven, would establish that an enforceable agreement had been made and is stated with enough clarity to reasonably inform the defendant of the nature of the suit against him. Therefore, under modern rules of pleading, the complaint was sufficient and should not have been dismissed.

The order of dismissal is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DAVIS and SEIDENFELD, JJ., concur.