## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Virginia Transit Co.

v.

Massey, Wood and West, Inc.,
and Lacy E. Terry

November 21, 1969

By JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today which sustains the defendants' motion to set aside the verdict insofar as it relates to the claim of the plaintiff for indemnity. That portion of the claimed damages included in the verdict is remitted in the amount of $730.00 and judgment is entered for the plaintiff for the damage to the bus in the amount of $4,282.47.

In this tort action the plaintiff seeks reimbursement by way of indemnity (and not contribution) for the sum it paid in settlement of three claims of bus passengers who claimed personal injury as the result of the collision between the plaintiff's bus and the truck owned by the defendant Massey, Wood and West, Inc., which was operated and controlled by its employee Terry.

The rule applicable is well stated in 42 C.J.S., *Indemnity*, section 27, p. 604, as follows:

As a general rule one compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity from the latter where both parties are joint tort-feasors or *in pari delicto.*

*See also* 41 Am. Jur. 2d., *Indemnity*, section 21, pp. 710-711.

The same rule has been stated differently in cases cited by the plaintiff. In *Allied Mutual Corp.* v. *General Motors Corp.*, 279 F.2d 455, 458 (10th Cir. 1960), it is stated as follows:

> It is the general rule, where one person has been exposed to liability and compelled to pay damages on account of the negligence of another, the first has a right of action against the other for indemnity where the parties are not *in pari delicto.*

In *Early Settlers Insurance Company* v. *Schweid*, 221 A.2d 920, 923 (D.C. 1966), the rule is also stated:

> Where joint tortfeasors are guilty of active negligence and their negligence concurs in causing the injury, none is entitled to indemnity against the others but there may be contribution among them.

The reason for the rule is based upon the public policy that two or more wrongdoers shall be left as to each other where their joint offense has placed them. 42 C.J.S., *Indemnity*, section 27, p. 606, ftn. 27. Virginia has modified by statute this common law rule as it applies to contribution. Code Section 8-627; *McLaughlin* v. *Siegel*, 166 Va. 374, 377 (1936).

There are many exceptions to this rule none of which apply in this case but which are illustrated in each of the cases cited by the plaintiff in its brief. These exceptions are discussed in 41 Am. Jur. 2d, *Indemnity*, section 20, pp. 707-710, as follows:

> Accordingly, it is generally held that a person who, without fault on his own part, has been compelled to pay damages is entitled to recover indemnity where, as between the parties to the indemnity action, the defendant is primarily liable while the plaintiff is only secondarily liable, that is, where the Plaintiff is only technically or constructively liable to the injured party, or where his liability was based

on a legal or contractual relationship with the defendant. In other words, a joint tortfeasor may recover indemnity where he has only an imputed or vicarious liability for damage caused by the other tortfeasor.

To the same effect are cases holding that one passively negligent may recover indemnity from one actively negligent, and that one who has the last clear chance to avoid an accident is the principal offender and must therefore indemnify the other wrongdoer for any damages which it was obliged to pay to the injured parties. But this application of the "last clear chance" doctrine has been rejected in some jurisdictions.

It has also generally been held, although there is some authority to the contrary, that indemnity will be granted where the indemnitee has incurred tort liability by performing an act not manifestly wrong at the direction or for the benefit of, and in reliance upon, the indemnitor. Similarly, indemnity will be granted where the indemnitee has incurred liability to a third person by reason of negligent reliance upon the care which the indemnitor, as a supplier of goods or contractor making repair and improvements, should have exercised, or where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged. Thus, indemnity may be granted where the indemnitee has incurred liability for failure to correct a hazardous condition which, as between the indemnitor and the indemnitee, it was the duty of the indemnitor to make safe, but there is authority to the effect that a failure to perform a duty to inspect is not mere passive negligence.

Cases decided under Virginia law have recognized the rule and have followed the exceptions to it. *See Maryland Casualty Company* v. *Aetna Casualty and Surety Company*, 191 Va. 225, 232 (1950); *Sykes* v. *Stone & Webster Eng.*

*Corp.*, 186 Va. 116, 128, 129 (1947); *McLaughlin* v. *Siegel, supra,* at page 377; *United States* v. *Savage Truck Line,* 209 F.2d 442, 44 A.L.R.2d 984, 991 (4th Cir. 1953). For other authorities on the subject, see Prosser on Torts, Third Edition, Section 48, p. 278; Restatement of Restitution, Sections 86 et seq., and discussion contained in Title C at page 385.

In the case at bar the plaintiff and defendants were *in pari delicto* as to the bus passengers. The plaintiff's negligence certainly was active not passive and the plaintiff's liability was primary and not secondary. The fact that in this case the jury has found the plaintiff to be free from negligence and these defendants guilty of the sole fault is really irrelevant when considering whether the plaintiff is entitled to recovery by indemnity because the court should have sustained the defendants' motion to strike (or should have sustained a demurrer if one had been filed) and thereby prevented that question as it related to the indemnity claim from going to the jury. "[T]he occasion for seeking indemnity would not arise unless the indemnitee [the party seeking indemnification] were himself guilty of some fault." *Gulf, Mobile & Ohio R. Co.* v. *Arthur Dixon Transfer Co.*, 98 N.E.2d 783, 786 (Ill. 1951). As the cases cited point out, the plaintiff was not a volunteer in making the settlements because it "might" have been liable to the passengers. *Missouri Pacific Railroad Co.* v. *Southern Pacific Co.*, 430 S.W.2d 900, 904 (Civ. App. Texas 1968). Because the plaintiff was not a volunteer, it could receive indemnity if it came within the exceptions to the general rule, but it does not so qualify, notwithstanding the fact that the jury has found it free of negligence.

As stated, all of the cases cited by the plaintiff allowing recovery by indemnity fall within the exceptions to the rule. In *Palmer House Co.* v. *Otto*, 106 N.E.2d 753 (Ill. App. 1952), the plaintiff Palmer House had become liable to one of its guests for personal injuries suffered when he fell over a board in the hotel placed there by the defendant indemnitor which was engaged in moving furniture, owned by the defendants but leased to the plaintiff, into the hotel. None of the plaintiff's employees exercised any supervision or control over the movement of the furniture. None of the defendant's employees were near the

board but left it unattended on a stairway where the claimant fell. The court held that the plaintiff was guilty of only "technical and passive negligence" toward the injured party while the defendants were guilty of "active negligence" and it allowed the plaintiff to seek indemnification.

In the other cases cited, similar relationships existed wherein the indemnitee and indemnitor were not *in pari delicto* and indemnification was allowed. Such was the case in *Boston* v. *Old Orchard Business District, Inc.,* 168 N.E.2d 52 (Ill. App. 1960), (building owner which was sued by workman for injuries he sustained when he fell from hoist used in construction of building allowed recovery over against workmen's employer because employer controlled the hoist); in *Suvada* v. *White Motor Co.,* 201 N.E.2d 313 (Ill. App. 1964), (plaintiff owner of vehicle which had settled injury claims resulting from accident allowed recovery over against manufacturer and installer of the brake system which was defective and caused the accident); in the *Gulf, Mobile & Ohio R. Co.* case, *supra,* (the plaintiff railway company which had paid its switchman for his injuries suffered when he was caught between plaintiff's box car and defendant's improperly parked truck was allowed restitution because the defendant was "actively" negligent and the plaintiff "passively" negligent); in the *Missouri Pacific Railroad Co.* case, *supra,* (the plaintiff's brakeman had been injured while riding on the defendant's railway car due to a defective hand brake thereon while the car was under the plaintiff's control and indemnity was allowed after the plaintiff had settled with its employee); and, in *Fenly* v. *Revell,* 228 P.2d 905 (Kan. 1951), (indemnity was allowed when defendants who were engaged as employees of the plaintiff were guilty of negligence which resulted in damage to an oil rig which plaintiff was moving for the owner under a contract which placed the plaintiff under a legal obligation to pay the owner for damage to the rig, on the basis that the plaintiff's liability was secondary and the defendants were primarily liable). In view of the conclusion stated above, the Court does not reach the effect of the inclusion of Massey, Wood and West, Inc., in two of the releases. As stated to counsel earlier, all other grounds of the defendants' motion to set aside the verdict are overruled.