JULIUS ZAMOUSKI, Plaintiff-Appellant, *v.* MICHAEL A. GERRARD, *et al.*, Defendants-Appellees.

(No. 71-21;

Second District—November 3, 1971.

David Alswang, of Chicago, and Russell J. Goldman, of Rockford, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, Keegan & Gosdick, and Welsh, Holmstrom, Hyzer, Jacobson & Worden, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Julius Zamouski appeals from a judgment order which dismissed his complaint as to all defendants with prejudice and denied him leave to amend.

Count I of the complaint alleges in substance that on March 26th, 1970, the defendant La Salle National Insurance Company (or its predecessor La Salle Casualty Company), acting by and through attorneys Michael A. Gerrard and Peter S. Switzer from the firm of Barrick, Jaskson & Switzer, accepted plaintiff's offer to settle a personal injury claim against La Salle's insureds for $125,000; and that after plaintiff discontinued all preparations being made for trial of the suit. La Salle refused to comply with the oral settlement agreement. Plaintiff sought damages of $125,000 plus additional expenses and costs from both La Salle and the lawyers individually for this alleged breach.

Count II contains the same allegations, and prays for exemplary damages in addition to the actual damages suffered.

Count III alleges that the settlement agreement was breached due to a series of systematic and intentional activities, instituted by defendants, Peterson, Lowry, Rall, Barber & Ross, acting through Walter W. Ross, Jr., designed to cause a repudiation of the agreement. A letter dated April 3, 1970 from Ross to plaintiff's lawyer, was attached to the complaint as an exhibit. It stated:

"We are advised that you recently had settlement discussions with Attorney Michael Gerrard, the attorney of record for Ashlar Construction, Inc., one of the defendants in the above case. Please be advised that we are the attorneys for the insurers of that defendant and at no time has a settlement of the above case been authorized by them or ourselves."

It was further stated in this count that "Plaintiff is informed and believes" that these defendants were not the attorneys for La Salle, nor were they the attorneys for the insureds of La Salle, and thus were without legal justification to intercede in the matter.

All of the defendants filed motions to dismiss the complaint. The trial court in ruling on these motions held that the action could not be maintained to enforce an alleged oral settlement as no judgment had been entered thereon nor had the case been dismissed or the releases executed; and further held that, in any event, such action could not be maintained

against the attorneys acting in their representative capacities. A separate order entered on the same day as the order of dismissal denied plaintiff leave to file an amended complaint.

■■ Settlement of disputed claims is to be encouraged and generally given full force and effect. (*Bingham v. Browning* (1902), 197 Ill. 122, 136.) Both parties agree with this general proposition but defendant argues that under *Vece v. DeBiase* (1964), 46 Ill.App.2d 248, an oral settlement, although binding in a contract action, is not enforceable in a tort case without further positive action confirming the settlement. In *Vece*, defendant orally agreed to pay plaintiff $10,000 in settlement of a will contest suit. After learning that an income tax claim consuming the entire estate was to be filed, defendant refused to comply with the agreement and plaintiff sued to enforce it. The Appellate Court, finding for the defendant, stated as one of the bases that oral settlements in tort actions, which it considered this to be, are not final until either a judgment has been entered or the case has been disposed of and releases signed. However, also important to the court was the parties' right to rescind the agreement because of a material mistake of fact. Furthermore, the court found that the settlement agreement was expressly contingent upon the approval of the Probate Court, which was never obtained. The only decisions cited as authority were cases of rescission because of mutual mistake, which did not deal with the tort-contract differentiation (*Steinmeyer v. Schroeppel* (1907), 226 Ill. 9, and *Winkelman v. Erwin* (1929), 333 Ill. 636). The plaintiff cites *Country Mutual Ins. Co. v. Drendel* (1969), 116 Ill.App.2d 466, and *Knoll v. Swanson* (1968), 92 Ill.App.2d 398.) *Country Mutual* is inapplicable since we there ruled upon an oral settlement in a contract action. In *Knoll*, the plaintiff was held bound by an oral settlement of his suit seeking an injunction against defendant's obstruction of drainage flow of natural surface water. While it is questionable whether this could be termed an action in tort, it sounds more closely in tort than in contract. The court clearly treated this as an oral agreement, even though two letters referring to it were present. The court stated that an agreement of settlement need not be in writing unless it is within the Statute of Frauds, and held that it would not disturb the oral agreement unless mistake or fraud were present.

■■ On policy grounds, making the distinction between contract and tort settlements as a matter of law seems without basis. We can see no reason to allow one settling a tort claim to escape his commitment, while enforcing the settlement of the contract claim. While we recognize that there may be special problems of proving that a binding settlement of a lawsuit in all of its terms has been reached in a tort case, these would more properly be matters to consider in a hearing on the merits. Since

no issue of mistake or fraud was presented by the pleadings, the oral settlement could not be said to be unenforceable as a matter of law and the dismissal on this basis would have been improper.

We now consider whether the pleadings were properly dismissed for reasons other than the unenforceability of an oral agreement to settle a tort claim.

■■■ The motion to dismiss of La Salle National Insurance Co. stated that the complaint contained no allegation of authority in the attorneys with whom plaintiff negotiated to settle on behalf of La Salle. An attorney authorized to represent a client in litigation does not necessarily have authority to conclude a settlement. (*Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 149.) Generally, allegations that the principal contracted "by" an agent are held sufficient to withstand a motion to dismiss. (*Ohio & Mississippi Railroad Company v. Middleton* (1858), 20 Ill. 629, 634.) There is also authority that if a pleading relied upon sets forth the contract in suit so as to disclose that it was a transaction for which special authority is required, the pleading may be subject to dismissal if it fails to allege facts showing that the agent was possessed of the necessary special authority. (See Anno: 45 A.L.R.2d 583, Sec. 9, page 607.) Here, there is an allegation in plaintiff's complaint that La Salle acted "by and through" the attorneys in accepting plaintiff's settlement offer. While a close question is presented, it is sufficient to withstand La Salle's motion to dismiss. We, therefore, conclude that the court erred in dismissing the complaint as to this defendant.

■■■ We think, howeve, that the pleadings were insufficient to state a cause of action against the defendants Gerrard and Switzer, and the firm of Barrick, Jackson & Switzer. Plaintiff contends that these defendants should be personally liable if they were without authority to conclude a settlement on behalf of La Salle. Defendants answer that an attorney is not personally liable to third persons for acts which he performs in his representative capacity. Defendant cites several cases for the proposition that if an agent, in making a contract, discloses his agency in the name of his principal (or the principal was known at the time by the other party), the agent is not liable on the contract unless he agrees to become personally liable. (See *Petrando v. Barry* (1955), 4 Ill.App.2d 319, 332; *Millikin v. Jones* (1875), 77 Ill. 372, 375, and *Wheeler v. Reed* (1864), 36 Ill. 81, 89.) We do not question the soundness of the rule cited by defendants, but think it inapplicable to the case before us since, in our view, it applies only to those cases in which the authority of the agent to act is not in issue. When such a question is presented, the well established rule is that an agent making a contract which he had no authority to make binds himself personally according to the terms of the

contract. (*Frankland v. Johnson* (1893), 147 Ill. 520, 525; *Vulcan Corp. v. Cobden Machine Works* (1949), 336 Ill.App. 394, 401, and *Slape v. Fortner* (1954), 3 Ill.App.2d 339, 349.) Thus, a complaint properly alleging that the defendants' agents acted without authority or exceeded their authority would be sufficient to withstand a motion to dismiss based on the grounds that they acted in their representative capacities and disclosed the fact of their agencies. However, plaintiff's complaint contains no allegation that the named attorneys lacked authority to conclude a settlement on behalf of La Salle, and, in fact, states that the agreement was made by La Salle, acting through the attorneys. This alleged no cause of action against the attorneys personally and, therefore, the motions to dismiss of these defendants were properly granted.

■■■■ The trial court granted the motion to dismiss of Peterson, Lowry, Rall, Barber & Ross, and Walker W. Ross, Jr., on the basis that the oral settlement was unenforceable and, in any event, that these defendants could not be personally liable when acting only in their representative capacities as attorneys. The court in its order did not meet the issues raised by Count III, which sounds not in contract, but in the tort of wrongfully inducing a breach of contract. The essential elements of this tort have been stated to be: (1) The existence of a valid and enforceable contract, (2) The defendants knowledge of the existing contract, (3) Intentional and malicious inducement of the breach, (4) The subsequent breach by the third person due to defendant's wrongful conduct, and (5) Damage to the plaintiff. (*Arlington Hgts. Nat. Bk. v. Arl. Hgts. Sav.* (1967), 37 Ill.2d 546, 552; *Herman v. Prudence Mut. Cas. Co.* (1968), 92 Ill.App.2d 222, 229—modified, (1968), 41 Ill.2d 468.) Defendants' status as attorneys might justify the interference, but justification is an affirmative defense, not to be considered as supporting the trial court's grant of a motion to dismiss unless it appears on the face of the complaint. 45 Am.Jur.2d, Interference, Sec. 55. (See also *Herron v. State Farm Mut. Ins. Co.* (1961), 363 P.2d 310, 312.) We cannot say that justification appears on the face of the complaint here. However, Count III was otherwise insufficient to state a cause of action. While pleadings are to be liberally construed and formal or technical allegations are unnecessary, still the complaint must allege facts necessary to state a cause of action. (*Fanning v. LeMay* (1967), 38 Ill.2d 209, 211.) A motion to dismiss admits facts well pleaded, but not conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest. Count III merely concludes that the named defendants carried on a series of systematic and intentional activities to induce the repudiation of the alleged settlement contract, and the only item which could be considered an allegation of fact would be the letter attached to the com-

plaint. We find nothing in this exhibit which can be construed as an inducement to anyone to breach the settlement agreement. Count III is, therefore, insufficient to set forth a cause of action for wrongfully inducing a breach of contract and was properly dismissed by the court.

Plaintiff's argument that even if his complaint is deficient the court has a duty under Article I, Sec. 12 of the 1970 Illinois Constitution to provide him with a remedy is without merit. The failure to state a cause of action cannot be cured by alleging that plaintiff should have a remedy as provided in the Constitution. Constitutional rights cannot be infringed when an insufficient or defective complaint is dismissed. *Belmar Drive-In Theatre v. Hgw. Com.* (1966), 34 Ill.2d 544, 551; *Deasey v. City of Chicago* (1962), 412 Ill. 151, 155; *Bauscher v. City of Freeport* (1968), 103 Ill.App.2d 372, 376.

The trial judge did not abuse his discretion in refusing leave to amend. A party desiring to file an amended pleading should incorporate the proferred amendment in his record on appeal. Otherwise, the reviewing court has no means of determining whether the second attempt to state a cause of action would have been any more successful than the first. (*Lowrey v. Malkowski* (1960), 20 Ill.2d 280, 285; *Deasey v. City of Chicago, supra,* at page 156.) Since plaintiff has not indicated the nature of his proposed amendment, this court is not in position to say that justice would be more greatly served by granting leave to amend, and we must assume that the refusal to permit such an amendment was not prejudicial to the plaintiff nor did it amount to a manifest abuse of the trial court's discretion.

We, therefore, affirm the judgment of the court below as to all defendants with the exception of La Salle National Insurance Company, a corporation. The judgment which dismissed the complaint against the corporate defendant is reversed and the cause is remanded to the circuit court with directions that the complaint be reinstated against the said defendant, that the defendant be granted leave to file responsive pleadings and that the cause then proceed in due course.

Affirmed in part, reversed in part and remanded with directions.

MORAN, P. J., and ABRAHAMSON, J., concur.