THE COUNTY OF CHAMPAIGN, Plaintiff-Appellant, *v.* WELLINGTON FOSTER ANTHONY, Defendant-Appellee.

(No. 12872;

Fourth District—October 30, 1975.

TRAPP, J., dissenting.

James R. Burgess, Jr., State's Attorney, of Urbana (Frederic M. Grosser, Assistant State's Attorney, of counsel), for appellant.

Francis J. Davis, of Champaign, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The County of Champaign appeals the dismissal of their civil complaint to recover the cost of protecting a witness against the defendant between the time of his release on bond and his imprisonment. On December 14, 1973, a complaint was filed with the County of Champaign, a body corporate and politic, as plaintiff, by James R. Burgess, Jr., State's Attorney of Champaign County. The complaint alleged that the county had been required to expend $10,287.50 as payment for services rendered in protecting Janet Louise Zoschke. Ms. Zoschke was a complaining witness against defendant Wellington Foster Anthony in a criminal case in which he was alleged to have kidnaped and intimidated her. The civil complaint sets forth acts and threats by defendant which allegedly

gave rise to the belief that Ms. Zoschke was in danger of being harmed by defendant. She was provided with 24-hour protection from October 2, 1973, until December 14, 1973, the period during which defendant was released from custody on bond following his criminal convictions and before sentencing for kidnaping and intimidating Ms. Zoschke.

The complaint involved here contains three counts: The first sets forth various acts by defendant that are alleged to give rise to a tort action against him by the county; the second claims that these acts of defendant were willful, wanton and malicious; and the third count repeats the essential allegations of the other two counts and characterizes defendant's acts as intentional and malicious. The gist of the claimed cause of action on behalf of the County of Champaign is that defendant had an obligation to the County and Ms. Zoschke not to commit any crimes against her or to deprive her of any of her rights. The County further alleges that it had an obligation to secure and protect her and, therefore, it became incumbent upon the County to protect the rights of life and safety of Ms. Zoschke by providing the indicated protection.

Janet Zoschke is not a party to the complaint.

Defendant moved to dismiss the complaint. After a hearing, the motion was allowed. The trial court did not state any reasons for its dismissal of the complaint. The County of Champaign elected to stand on its complaint and judgment was entered for defendant.

We affirm the trial court's dismissal. The County of Champaign's complaint does not state a cause of action. The County admits that the relief asked for in this action has not been sought before by a county. However, it contends that the opinion in *Suvada v. White Motor Co.*, 51 Ill.App.2d 318, 201 N.E.2d 313, holds that a cause of action has been stated when the complaint alleges the existence of a duty, a breach of duty, and damages resulting therefrom. The duties involved here are claimed to be the defendant's duty to obey the law and not threaten harm to Ms. Zoschke, a duty on behalf of the County to protect Ms. Zoschke from lawbreakers, *i.e.*, defendant, and the damages are said to arise from the expenses incurred in thus protecting her.

In Prosser, Law of Torts ch. 1, § 2, at 7 (4th Ed. 1971), the writer states:

> "The state never can sue in tort in its political or governmental capacity, although as the owner of property it may resort to the same tort actions as any individual proprietor to recover for injuries to the property, or to recover the property itself. It has been held, for example, that the state as a government has no cause of action against an escaped convict for the expenses incurred in recapturing him."

The 1939 opinion of the Supreme Court of North Carolina in *State Highway & Public Works Com. v. Cobb* (1939), 215 N.C. 556, 2 S.E.2d 565, is cited by Dean Prosser as authority. There the State sought to recover funds expended in an effort to recapture a prisoner. The court recognized that the State as sovereign could be considered to be a natural person. It could only bring an action for invasion of its property rights. In analyzing the facts presented, the court found the escaped prisoner had invaded no property right of the State except that which might be involved in the expenditure of public funds for his apprehension. His recapture was a public duty required by a State established general system of laws. The State's position as sovereign toward such a public expenditure was not the same as a private individual who had been compelled to spend money because of another's tortious conduct. The opinion concluded by saying that the funds for the prisoner's recapture were legitimately spent for a public purpose and no statute or common law principle authorizes recovery of those expenditures from him. The opinion in *Cobb* was cited with approval in *State v. Time, Inc.* (La.App. 1971), 249 So.2d 328, 45 A.L.R.3d 1304.

The precise issue does not appear to have been decided in the courts of Illinois. Instead of ruling upon the liability in tort of individuals to bodies corporate or politic in *City of Chicago v. Tribune Co.*, 307 Ill. 595, 139 N.E. 86, the Illinois Supreme Court faced the substantive issue presented and held that a sovereign could not be defamed. No ruling was made as to whether a non-property-injuring tort was actionable on behalf of a municipality or State.

■■ The County of Champaign contends that if no action presently exists, one should be created for them under article I, section 12 of the 1970 Constitution which states:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." (Ill. Const. (1970), art. I, § 12.)

Without deciding whether the County of Champaign falls under the protection of that provision, it is sufficient to state that the provision has not been interpreted in the manner advocated here by plaintiff. In interpreting that section, the opinion writer in *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429, said that a failure to state a cause of action cannot be cured by alleging that plaintiff should have a remedy as provided under article I, section 12. Constitutional rights cannot be infringed when an insufficient or defective complaint is dismissed.

We find no merit in plaintiff's assertion that it stated a cause of action

under principles of restitution. The trial court properly dismissed the complaint.

Judgment affirmed.

SIMKINS, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting:

In the context of fact and reality, it is rational to recognize that upon the allegations made Champaign County did, in fact, suffer from the invasion of property, *i.e.*, its tax resources as the result of the pleaded intentional acts of the defendant. For the purposes of the motion, the allegations in the pleading are deemed to be true. (*Country Mutual Insurance Co. v. Drendel*, 116 Ill.App.2d 466, 252 N.E.2d 757.) We urge that such facts sufficiently state a cause of action. *McGill v. 830 S. Michigan Hotel*, 68 Ill.App.2d 351, 216 N.E.2d 273.

In *Fuller v. Oregon*, 417 U.S. 40, 40 L.Ed.2d 642, 94 S.Ct. 2116, we find that where the rights as a civil debtor are preserved, there is no necessary constitutional barrier to a State requiring reimbursement for the costs of providing legal counsel to a criminal defendant. The Approved Draft of the American Bar Association Standards Relating to Providing Defense Services, Appendix E., § 8 (1968), provides for civil recovery by a county of the costs of legal assistance, (1) as to those persons who were not legally entitled to receive such assistance, and (2) those who on the date the suit was brought were able to reimburse the county.[1]

---

[1] [RECOVERY FROM DEFENDANT]

"(a) The [county] attorney may, on behalf of the [county], recover payment or reimbursement, as the case may be, from each person who has received legal assistance or another benefit under this Act:

(1) to which he was not entitled;

(2) with respect to which he was not a needy person when he received it; or

(3) with respect to which he has failed to make the certification required by section 4(b);

and for which he refuses to pay or reimburse. Suit must be brought within 6 years after the date on which the aid was received.

(b) the [county] attorney, on behalf of the [county], may recover payment or reimbursement, as the case may be, from each person, other than a person covered by subsection (a), who has received legal assistance under this Act and who, on the date on which suit is brought, is financially able to pay or reimburse the county for it according to the standards of ability to pay applicable under sections 1(3), 2(a), and 4(b), but refuses to do so. Suit must be brought within 3 years after the date on which the benefit was received.

(c) Amounts recovered under this section shall be paid into the [county] general fund, except that so far as they represent money provided by the state under section 12, they shall be paid into the [general fund] of the state."

It is the public policy of the State to provide for the recovery by civil action of sums received as public aid through the recipient's wrongful conduct. Ill. Rev. Stat. 1973, ch. 23, § 11—21.

The criteria which are set out suggest a change of the policy stated in the cited *State Highway & Public Works Com. v. Cobb* (1939), 215 N.C. 556, 2 S.E.2d 565. Such case also appears distinguishable in that from the facts stated in the opinion the services in pursuit of the defendant were provided by the law enforcement apparatus regularly maintained rather than unusual services provided at an additional expense to the county as found here.

*Cobb* states that there was neither statute or common law liability for the public expense incurred. Our courts have, however, adopted new concepts of liability where it was deemed that public interest required the imposition of liability. *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182; *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill.2d 11, 163 N.E.2d 89; *Darling v. Charleston Community Memorial Hospital*, 33 Ill.2d 326, 211 N.E.2d 253.

For the reasons stated, I would reverse the judgment of dismissal and remand for further proceedings.