In re FEDERAL STORAGE AND
MOVING COMPANY, Debtor.

Bankruptcy No. 81 B 15738.
81 A 4230.

United States Bankruptcy Court,
N. D. Illinois, E. D.

June 9, 1982.

John F. McClure, Laurence H. Kallen, Chester H. Foster, Jr., Arnstein, Gluck & Lehr, Chicago, Ill., for Federal Storage and Moving Company.

William F. Conlon, Sidley & Austin, Chicago, Ill., for Allied Van Lines, Inc.

## ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the defendant's, Allied Van Lines, Inc., motion requesting this court to abstain from exercising its jurisdiction regarding the debtor's adversary complaint filed against defendant. The court having carefully considered the memoranda filed by the parties and being fully advised in the premises, does hereby deny defendant's motion.

The defendant asserts in support of its motion that the debtor's adversary complaint raises unsettled questions of state law that would more properly be dealt with in a state forum and that the time it would take for this cause to come to trial in a state forum would not be unreasonable nor cause harm to the debtor. The plaintiff-debtor alleges that under 28 U.S.C. 1471(d) it would not be in the interest of justice for the court to abstain and that abstention would cause considerable delay and ultimately harm the debtor.

### FACTUAL BACKGROUND

In October of 1976 the defendant Allied instituted an action against the plaintiff-debtor, Federal Storage, in the U. S. District Court for the Northern District of Illinois seeking approximately $50,000 which amount Allied alleged Federal owed to it. Federal filed an answer to Allied's complaint and a counterclaim against Allied alleging breach of its agency contract. On November 9, 1981 Judge McMillan dismissed Allied's suit and Federal's counterclaim for want of diversity jurisdiction. On December 18, 1981 Federal filed its voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Federal listed as its sole asset its claim against Allied. On December 31, 1981 Federal commenced this adversary proceeding against Allied seeking essentially the same relief it was seeking from Allied in its previously dismissed counterclaim.

### DISCUSSION

28 U.S.C. 1471(b) confers upon bankruptcy courts original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. Section 1471(d) authorizes the bankruptcy court to abstain from hearing particular proceedings when it would be in the interest of justice to do so.

In the present case, the defendant bases its request for abstention on an allegation that Federal's claim involves unsettled questions of state law. Federal's claims are for breach of contract and tortious interfer-

ence with contract. Neither of these claims involve unsettled questions of state law. The State of Illinois has long recognized actions for tortious interference with contract and has established very well defined standards on which to decide said cases. See *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429 (1971), *Belden Corp. v. Internorth, Inc.*, 90 Ill.App.3d 547, 45 Ill.Dec. 765, 413 N.E.2d 98 (1980), *Swager v. Couri*, 77 Ill.2d 173, 32 Ill.Dec. 540, 395 N.E.2d 921 (1979). Furthermore, Federal Courts in this District and Circuit have never hesitated to decide questions involving the tortious interference with contract. See *Bailey v. Meister Brau, Inc.*, 535 F.2d 982 (CA 7 1976), *Hannigan v. Sears*, 410 F.2d 285 (CA 7 1969), *Magnaflux v. Foerster*, 223 F.Supp. 552 (N.D.Ill.1963) to name just a few.

The cause of action the defendant is asking the court to abstain from is the debtor's only asset. The debtor has approximately $33,000.00 in priority liabilities and $294,-952.00 in non-priority liabilities. No extensive proceedings on this matter were ever held in the District Court and no past nor present pending state action on this claim exists. Given this situation the position taken by the U. S. Bankruptcy Court in *Matter of Ebrights Refrigeration Equipment, Inc.*, 13 B.R. 546 (1981) is of consequence here:

> The Criteria of whether the court should hear and resolve such matters should be such as to almost never countenance abstention unless based upon a determination that the results of the proceeding could not conceivably have any effect upon the estate being administered such as strictly in personam causes of action, like divorce.

Given that this cause of action is the debtor's only asset the results of the proceedings will be vital to the administration of the debtor's estate. Therefore, it would be in the interest of justice to refrain from abstention and resolve this matter as quickly and as efficiently as possible.

### CONCLUSION

28 U.S.C. 1471(b) confers upon Bankruptcy courts original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. § 1471(d) authorizes the bankruptcy court to abstain from hearing particular proceedings when it would be in the interest of justice to do so. Since no unresolved questions of state law are involved and this cause is the debtor's only asset, it would not be in the interests of justice for this court to abstain.

WHEREFORE, IT IS HEREBY ORDERED that the motion of the defendant Allied Van Lines, Inc. requesting this court to abstain from exercising its jurisdiction is hereby denied.