(No. 46203.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WELLINGTON FOSTER ANTHONY, Appellee.

*Opinion filed May 20, 1974.*

William J. Scott, Attorney General, of Springfield, and James R. Burgess, Jr., State's Attorney, of Champaign (James B. Zagel and Charles H. Levad, Assistant Attorneys General, and Thomas L. Knight, Assistant State's Attorney, of counsel), for the People.

Auler Law Offices, of Champaign (Francis J. Davis, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

A Champaign County grand jury returned indictments on July 31, 1973, charging Wellington Foster Anthony with aggravated kidnapping, attempted murder, aggravated battery, armed robbery and armed violence. Defendant's motion to set bond was denied by the circuit court, and defendant sought review of that action in the Appellate Court for the Fourth Judicial District. That court entered an order declaring the charged offenses were not capital offenses and therefore were bailable under section 9 of article I of the 1970 Constitution of Illinois. It remanded the cause with directions to conduct a hearing and fix bail. We allowed the State's petition for leave to appeal from the appellate court order.

The question whether bail could be denied in this case arises from the action of the United States Supreme Court in *Furman v. Georgia,* 408 U.S. 238, 33 L. Ed. 2d 346, 92 S. Ct. 2726, and *Moore v. Illinois,* 408 U.S. 786, 33 L. Ed. 2d 706, 92 S. Ct. 2562, decided June 29, 1972. Our statutory provisions for the death penalty as a possible punishment for specified crimes were there held unconstitutional, thereby eliminating death as a penalty for any crime in Illinois.

Section 9 of article I of the then effective 1970 Constitution provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."

At the time the Supreme Court decided the death penalty as then provided could not be imposed, our statute (Ill. Rev. Stat. 1971, ch. 38, par. 110—4(a)) was as follows:

"(a) All persons shall be bailable before conviction except when death is a possible punishment for the offenses charged and the proof is evident or the presumption great that the person is guilty of the offense."

That statute was amended very shortly after the *Furman* and *Moore* decisions to read as follows:

> "(a) All persons shall be bailable before conviction, except when the offense charged is murder, aggravated kidnapping or treason and the proof is evident or the presumption great that the person is guilty of the offense" (Ill. Rev. Stat. 1973, ch. 38, par. 110—4(a))

and it was this latter statute which was effective at the time of defendant's indictment in 1973.

The issue posed by these changes was whether "capital" offenses for which bail could be denied still existed in Illinois within the meaning of section 9 of article I of the Constitution. The appellate court apparently believed elimination of the death penalty made bailable every Illinois crime. Similar questions arising in other States have been answered both ways. See, *e.g., People ex rel. Dunbar v. District Court* (Colo. 1972), 500 P.2d 358; *Ex Parte Contella* (Tex. Crim. App. 1972), 485 S.W.2d 910.

A supplemental record filed in this court indicates defendant has now been tried, convicted and sentenced. In view of the fact that the issue underlying the appellate court order is now moot in this case, coupled with the unlikelihood that it will again arise now that new legislation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1A) again provides for imposition of the death penalty, we find it unnecessary to pass on the merits of the question.

However, we believe it desirable to vacate the September 25, 1973, order of the appellate court since its effect was to hold unconstitutional section 110—4(a) earlier referred to, a question upon which we express no opinion. That order is accordingly vacated and this appeal dismissed.

*Order vacated; appeal dismissed.*