(No. 48119.—

THE COUNTY OF CHAMPAIGN, Appellant, v. WEL-
LINGTON FOSTER ANTHONY, Appellee.

*Opinion filed October 1, 1976.*

James R. Burgess, Jr., State's Attorney, of Urbana
(Frederic M. Grosser, Assistant State's Attorney, of coun-
sel), for appellant.

Francis J. Davis, of Auler Law Offices, of Urbana, for
appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

The question in this case is the legal sufficiency of a
complaint filed by the County of Champaign against the
defendant, Wellington Anthony, seeking to recover the
sum of $10,287.50 alleged to have been expended by the
plaintiff in employing persons to provide protection to
Janet Zoschke, who had been the victim of a kidnapping
by the defendant. The trial court granted the defendant's
motion to dismiss the complaint, the plaintiff elected not

to amend, and judgment was entered for the defendant. The Appellate Court for the Fourth District affirmed, with one judge dissenting (33 Ill. App. 3d 466). We granted the plaintiff's petition for leave to appeal.

The complaint alleged that on June 19, 1973, the defendant abducted Miss Zoschke at gunpoint from a street corner and secreted her in an apartment where he beat, choked and molested her, and then threatened to "get her" if she told the authorities about his conduct. He was arrested on Miss Zoschke's complaint, and on July 31 the grand jury of Champaign County returned an indictment against him.

The County's complaint alleged further that on July 31, while the grand jury was hearing testimony from Miss Zoschke, the defendant was present for several hours "outside and in sight of" the grand jury room. After the grand jury had completed its deliberations and returned its indictment, a warrant for the defendant's arrest was issued and the defendant, who was still present outside the grand jury room, was immediately taken into custody. At that time he had in his possession a handgun, a hunting knife, rope, tape and other items similar to those which he had while he held Miss Zoschke in his apartment. After a jury trial, he was found guilty on October 15 of the offenses of battery, intimidation, armed violence and kidnapping, and on December 14, 1973, he was sentenced to concurrent terms of three to nine years on the kidnapping and intimidation convictions and one to three years on the conviction for armed violence.

The defendant had been admitted to bail after his initial arrest, and following his indictment he again sought to be released on bail. His motion was denied by the trial court, but that ruling was reversed by the appellate court for reasons that have no bearing on the determination of the issues in the present case. (See *People v. Anthony* (1974), 57 Ill. 2d 222.) Bail was ultimately set by the trial judge in the sum of $110,000, and on October 2, 1973,

the defendant furnished the requisite bond and was released from custody pending trial. On that date the plaintiff instituted a 24-hour guard over Miss Zoschke, and that guard was maintained until December 14, the date on which the defendant was sentenced. The plaintiff seeks to recover the cost of furnishing this protection.

The complaint alleges that the defendant owed a duty to Miss Zoschke not to commit a crime against her, that the plaintiff in turn owed a duty to Miss Zoschke to protect her from injury at the hands of the defendant, and that the employment of persons to protect Miss Zoschke was necessary to fulfill the plaintiff's obligation to her. The legal theory of the plaintiff is that the defendant owed a duty to "the people of Champaign County not to commit any crimes against them and not to deprive them of their rights"—a duty which the defendant had breached by the conduct described in the complaint. Because of the defendant's conduct, the County "was obligated to incur the expenses for which it seeks by this action to recover. The plaintiff was doing that which it was created to do—protecting its citizens."

The plaintiff characterizes the question presented in this case as "one of policy concerning new concepts of liability in the public interest." It is true that the bare outline of its theory that the plaintiff has presented invites an excursion into the extent of the legal duty, if any, owed by the County to Miss Zoschke, as well as an exploration of the possibility that in some circumstances the County might have a right to recover from the defendant even though it is not subject to liability to Miss Zoschke. The first of these matters may now be governed entirely by statute (see Ill. Rev. Stat. 1975, ch. 85, par. 4—102), and the only authority cited concerning the second is *State Highway and Public Works Com. v. Cobb* (1939), 215 N.C. 556, 2 S.E.2d 565.

We do not pursue these questions because we are of the opinion that recovery must be denied on another

ground. Section 9 of article I of the Constitution of Illinois provides: "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." In this case the defendant was admitted to bail upon furnishing the requisite bond. The order of the court thus fixing bail was an adjudication that he was entitled to his freedom pending trial upon meeting the conditions of the bond fixed by the court. There is no room under section 9 of article I for the administrative imposition of a financial obligation upon a defendant, in addition to the conditions fixed by the court in admitting him to bail. The defendant's constitutional right would be diluted if not nullified if he could be subjected, at the will of the prosecutor, to an undisclosed but retroactive financial obligation. For this reason we hold that the complaint was properly dismissed.

We think it is appropriate, however, to direct attention to our opinion in *People ex rel. Hemingway v. Elrod* (1975), 60 Ill. 2d 74. There we considered at length the means available to a court, by which "an appropriate balance can be achieved between the right of an accused to be free on bail pending trial and the need of the public to be given necessary protection." 60 Ill. 2d at 84.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*