RAY BERGFELD *et al.*, Plaintiffs-Appellants, *v.* WILLIAM C. STORK, Defendant-Appellee.

(No. 71-82; ■■■■■■■■■)

Fifth District—September 29, 1972.

Thomas, Mottaz & Eastman, of Alton, for appellants.

Robert F. Quinn, Ltd., of Wood River, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an action brought against defendant for his interference with contractual relations between plaintiffs and a third party. An original complaint was filed, alleging interference with contractual relations, to which defendant filed a motion to dismiss. The motion to dismiss was allowed with leave to file an amended complaint. A first amended complaint was filed by plaintiffs. The defendant filed a motion for judgment

in favor of the defendant, alleging that the complaint failed to state a cause of action, which motion was allowed, and judgment was entered in favor of defendant and against the plaintiffs. Plaintiffs have appealed from this order.

The facts of this case, as alleged in plaintiffs' first amended complaint, are as follows. Plaintiffs, Ray and Thelma Bergfeld were the owners of a business located in Alton and operating under the name of Western Auto Company. Plaintiffs were leasing the premises, on which they operated this business, from the defendant William C. Stork. The lease was effective until November 30, 1969, Prior to May 10, 1969, plaintiffs entered into an agreement with Glennen F. Steik for the sale of the business and and the defendant knew about the contract. The Western Auto Company had approved Steik as a franchise owner and approved the agreement between Steik and the plaintiffs, subject only to the procurement by Steik of suitable premises for the operation of the business. On May 10, 1969, Steik and the defendant entered into an agreement for the lease of the property, Steik having accepted the proposal for the lease on or about May 10. On or about May 21, 1969, defendant, by letter, attempted to revoke the lease between defendant and Steik. Sometime after May 10, defendant agreed to lease the same property to Checkerboard Properties, Inc. Because of the attempted revocation by defendant, Steik cancelled his contract with plaintiffs and refused to complete it. Because of the cancellation of this contract and because plaintiffs' own lease from defendant would expire, plaintiffs were forced to liquidate their business at a substantial loss. Plaintiffs sold the remaining time on their lease to Checkerboard Properties for $8,000. The amended complaint finally alleged that the defendant, by refusing to complete the lease agreement with Steik, intentionally and willfully interfered with the contract between plaintiffs and Steik, so that plaintiffs were damaged in the amount of $15,000.

■■ The issue on appeal is whether the amended complaint stated a cause of action. In *Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 275 N.E.2d 429, the court stated, at 897:

"The essential elements of this tort (interference with contractual relations) have been stated to be: (1) The existence of a valid and enforceable contract, (2) Defendant's knowledge of the existing contract, (3) Intentional and malicious inducement of the breach, (4) The subsequent breach by the third person due to defendant's wrongful conduct, and (5) Damage to the plaintiff. *Arlington Heights National Bank v. Arlington Heights Federal Federal Savings* (1967), 37 Ill.2d 546, 552, 229 N.E.2d 514; *Herman v. Prudence Mutual Casualty Co.* (1968), 92 Ill.App.2d

222, 229, 235 N.E.2d 346, modified, 41 Ill.2d 468, 244 N.E.2d 809 (1968)."

In accord is *Hannigan v. Sears, Roebuck and Co.* (7th Cir., 1969), 410 F.2d 285, and the cases cited therein.

With regard to the first two elements of the tort, in paragraphs 4 and 5 of the amended complaint, plaintiffs alleged that they and Steik entered into an agreement whereby Steik was to purchase the business from plaintiffs and that this agreement was approved by the Western Auto Company, and that the defendant had knowledge of the contract. Furthermore, with regard to the fifth element, plaintiffs alleged, in paragraph 10, that due to Steik's cancellation of the contract they were forced to liquidate at a substantial loss, and in paragraph 12, that the amount of damage was $15,000.

■■ With regard to the forth element, plaintiffs alleged in paragraph 9 that because of the defendant's attempted revocation of the lease agreement Steik cancelled his contract with the plaintiffs and refused to complete it. This allegation is sufficient to satisfy the requirement that there be a "subsequent breach by the third person due to defendant's wrongful conduct". It is not necessary that there be a breach that would give rise to a cause of action in contract against Steik. In *W. P. Iverson and Co. v. Dunham Manufacturing Co.* (1958), 18 Ill.App.2d 404, 153 N.E.2d 615, the court reversed the trial court's granting of a motion to dismiss the complaint in an action brought against the stockholders, officers and directors of a corporation with which the plaintiff had an agency contract for the sale of the corporation's products. The plaintiff alleged that the defendants caused the corporation to be voluntarily dissolved for the purpose of avoiding the contract between the plaintiff and the corporation. Even though the contract with the plaintiff provided for termination of the contract if the company went out of business, the court held that the complaint stated a cause of action, emphasizing, at 621:

> "It is an action in tort based on the wrongful act of the defendants in *maliciously* causing the dissolution of the corporation in order to avoid the contract with the Company. It has been held that *maliciously* causing a breach of contract terminable at will is actionable \* \* \*. The gist of the action is the *malicious* interference in the contractual relationship between the Company and Motor and the fact that Motor could on its own option have terminated the contract by going out of \* \* \* business was not a defense \* \* \*. The fact that Motor, had such *malicious* interference not been exercised, might have had the right to so act does not relieve them from tort liability." (Emphasis ours.)

■■ In the present case, the fact that the plaintiffs' contract with Steik was subject to the procurement by Steik of a suitable premises for the operation of the business would not affect the cause of action. The gist of the action is the intentional and malicious interference by defendant in Steik's decision to breach the contract.

■■ The third element of the cause of action requires that there be factual allegations from which it can reasonably be inferred that defendant's alleged acts were committed with malice and intent to cause plaintiffs to lose their contract with Steik; or facts from which it could reasonably be inferred that defendant intentionally and maliciously induced the breach of plaintiffs' contract with Steik. We find no allegation of facts, which if proven, indicate that defendant intentionally interfered with the contract between plaintiffs and Steik, nor are facts alleged which indicate that defendant acted maliciously against plaintiffs.

In *Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill.2d 468, 244 N.E.2d 809, 811, a complaint was filed alleging damages as a result of contracts between attorneys and their clients having been breached due to malicious interference with said contracts by the defendant. The Court affirmed the lower court's decision dismissing the Complaint for failure to contain factual allegations sufficient to sustain a cause of action. The Court on page 811 said,

"The inadequacy of counts I and II lies not in the theory of the action but in the absence of factual allegations supporting that theory * * *."

The Court on Page 812 quoted from the Restatement of the Law of Torts and said:

"Except as stated in Section 698 (which is not here relevant), one who, without a privilege to do so, induces or otherwise purposely caused a third person not to

(a) perform a contract with another, or

(b) enter into or continue a business relation with another

is liable to the other for the harm caused thereby. Part (b) of the ensuing comments would lend support to the plaintiffs' argument that there is a general duty not to purposely interfere with another's contractual expectancies from third persons. It also, however, is there indicated that a privilege to interfere, even in contractual relationships, may exist dependent upon the methods used (b), interest of the interferer (c), purpose (d), ill will (m), and other factors more specifically dealt with in section 767 and ensuing sections."

In the present case there is nothing alleged from which it could be in-

ferred that defendant had such interest in the business relationship of Steik and plaintiffs that his motive was to cause a breach of that relationship, nor from which it could be inferred that his purpose was to cause such breach, and there is nothing to show any ill will toward plaintiffs. Defendant's interest in the alleged lease with Steik would be for his own benefit, and his attempt to revoke it to enable him to enter into the lease with Checkerboard Properties, Inc. at a higher rent was not inconsistent with a good faith purpose, since he was the owner of the property, and could not effect plaintiffs' lease which terminated in a short time. The attempted revocation did not cancel the alleged lease between defendant and Steik nor did it cancel the contract between plaintiffs and Steik. We find no allegation of fact from which ill will toward either Steik or plaintiffs may be reasonably inferred.

■■ A motion to dismiss does not admit conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest. *Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 275 N.E.2d 429; *Grabavoy v. Wilson* (1967), 87 Ill.App.2d 193, 230 N.E.2d 581, and a mere averment that an act was done with a certain purpose or intent, without a statement of the facts showing such purpose or intent, is a conclusion of law. (*Aaron v. Dausch* (1942), 313 Ill.App. 524, 40 N.E.2d 805, 809.) Keeping in mind that we are to place a liberal construction on pleadings with a view to doing substantial justice between parties (ch. 110, sec. 33(3)), and to a final determination according to substantive rights (ch. 110, sec. 4), an examination of the entire complaint, leads us to the conclusion that an essential element of the tort of intentional interference with contractual relations has not been alleged.

Plaintiffs' complaint fails to state a cause of action not because the theory is not valid, but because they have failed to present factual allegations, which assuming all to be true, do not render defendant guilty of having caused Steik's breach of contract. The plaintiffs did not allege sufficient facts which show that defendant intentionally and maliciously induced the breach of plaintiffs' contract.

Judgment affirmed.

JONES and CREBS, JJ., concur.