JACK J. MITCHELL, Plaintiff-Appellant, v. RALPH WEIGER et al., Defendants-Appellees.

First District (4th Division)　No. 79-583

Opinion filed July 31, 1980.

Louis V. Kiefor, of Calumet City, for appellant.

James W. Kissel and Stephen C. Carlson, both of Chicago, for appellees William B. Johnson, Stanley E. G. Hellman, Illinois Central Industries, Inc., Abex Corporation, and Signal Stat Corporation.

Chester J. Maciorowski, of Chicago, for appellee Ralph Weiger.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Jack J. Mitchell, brought suit against defendants, Ralph Weiger, William B. Johnson, Stanley E. G. Hellman, Illinois Central Industries, Inc., and its subsidiary, Abex Corporation, and Signal Stat Corporation. The amended complaint alleged wrongful interference with plaintiff's contractual rights. Plaintiff appeals from the judgment of the circuit court of Cook County dismissing his cause of action pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45). We affirm the trial court.

At issue is whether plaintiff's complaint is substantially sufficient in law. The complaint, as twice amended, alleged that on March 24, 1972, plaintiff executed a contract with Paul Journee S.A. of France (Journee), a French Corporation. Under the contract, plaintiff had the exclusive right to sell and promote Journee products within North America. It was established for an initial period of 6 months, after which renewal was possible by mutual agreement.

On August 18, 1972, the contract was amended to constitute the final contract between plaintiff and Journee. The amendment reads as follows:

"THESE PRESENTS WITNESSETH THAT:

According to contract between the parties settled in BEZONS on March 24th 1972, the application of renewal possibility provided in the XVth article is decided but for one month period reckoning from September 24th 1972.

Accordingly, the XVth article is replaced as following:

XVth Article

'This contract, which has been settled for SIX MONTHS' can be renewed, with one accord, by one month periods.

'According to the precedent, the term of the contract' signed on March 24th 1972 is settled on October 24th 1972."

Plaintiff alleged that on or about October 3, 1972, defendants Weiger and Johnson falsely represented to him that defendants Illinois Central Industries, Abex Corporation and Signal Stat Corporation had purchased Journee. The complaint stated defendant Weiger requested that plaintiff cancel product promotion and sales. On the basis of this information, plaintiff alleged he canceled the promotion of Journee products.

Plaintiff further alleged that on or about October 14, 1972, he received a letter from Mr. Paul Journee, the president of Journee. The

letter informed plaintiff that because of several difficulties the company was having in obtaining financing, it had decided "to get associated with the Abex Corporation of the Illinois Central Industries Group" and that Signal Stat would manage the interests acquired by Abex and Illinois Central Industries. For those reasons, the letter stated, it would be impossible to renew the contract between plaintiff and Journee and extend it beyond October 24, 1972. Plaintiff alleged the contract with Journee had been breached as a result of inducement by defendants.

Defendants filed a motion to dismiss. Following a hearing, the trial court dismissed the complaint.

■■ The dispositive question is whether the complaint stated a cause of action. Plaintiff asserts the complaint was based upon the tort of inducing the breach of a contract. Liability results from the intentional and unjustified inducement to breach another's contract (see *Blivas & Page, Inc. v. Klein* (1972), 5 Ill. App. 3d 280, 282 N.E.2d 210). The essential elements of the tort are:

> " '(1) The existence of a valid and enforceable contract, (2) The defendants knowledge of the existing contract, (3) Intentional and malicious inducement of the breach, (4) The subsequent breach by the third person due to defendant's wrongful conduct, and (5) Damage to the plaintiff.' " (*Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App. 3d 568, 579, 366 N.E.2d 561, 571.)

If any of these elements are found to be missing from the face of a complaint charging inducement to breach a contract, the complaint should be dismissed.

In our review of the amended complaint and attached documents, we note the contract was originally established for a given period of 6 months. Since the contract was dated March 24, 1972, the first period would have ended on September 24, 1972. Under the terms of the added clause of August 18, 1972, the contract was extended to October 24, 1972. Absent further extension, an enforceable contract could have existed only through that date.

Plaintiff contends the letter he received from Journee, dated October 13, 1972, constituted breach of contract. The letter stated:

> "Consequently, it will be absolutely impossible to renew the contract and to extend it over the October 24th 1972.

> So, our contractual association will be over definitively on the October 24th, which date was concluded in our last additional clause of August 18th, what clause modified the 15th article of our agreement of March 24th 1972."

The trial court, however, found the letter did nothing more than confirm the expiration of the contract according to its express terms. We reach the same conclusion.

■■ While the complaint contains language accusing the defendants of having made false statements to plaintiff, there is no allegation that defendants made any false or malicious statements to Journee which induced a breach of contract. A motion to dismiss does not admit conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest. See *Bergfeld v. Stork* (1972), 7 Ill. App. 3d 486, 288 N.E.2d 15; *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.

The gist of plaintiff's argument is that since the parties to the contract supposedly could have negotiated a new one or an agreement to amend the existing one the contract could not be said to have terminated on October 24, 1972.

We need not look beyond the four corners of the written contract. Nor can we permit the mere possibility of re-negotiation or amendment to distract us from express terms. Article fifteen of the final contract, attached to the complaint, stated the contract was for a given period which, by agreement of Journee and plaintiff, was to end October 24, 1972. There was never an accord allowing extension, and on that date the contract reached its prescribed end.

Thus, plaintiff's position cannot be supported for two fundamental reasons. First, inducement to breach contract involves acts aimed at parties other than a plaintiff. Those acts, in turn, cause those parties to breach a contract held by that plaintiff. This was not alleged in the complaint before us. Plaintiff merely alleges false and malicious representations which were made to him, and merely that certain defendants "persuaded" another party. In sum, if there were facts which plaintiff knew or believed to be the cause of Journee's failure to renew the contract, they were not, in our opinion, sufficiently apparent or inferable from the complaint.

■■ Second, the contract was not breached but was allowed to expire according to its own clause. Journee had the right, for whatever reason, to inform plaintiff that it did not wish to be obligated beyond the end of the last designated period. In our view, its refusal to extend the contract beyond October 24, 1972, was not a breach.

These fundamental reasons command us to find the trial court correct in dismissing the complaint as not being substantially sufficient in law.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.