NORMAN STILPHEN, Plaintiff-Appellant, v. NORTHROP CORPORATION, Defendant-Appellee.

First District (2nd Division) No. 87—81

Opinion filed September 15, 1987.—Rehearing denied October 6, 1987.

Joseph J. Spingola, of Joseph J. Spingola, Ltd., of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (James D. Fiffer and Timothy W. Heath, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff's appeal from dismissal of his complaint for failure to state a cause of action raises the issue of the sufficiency of his claim of retaliatory discharge.

On December 15, 1984, plaintiff and a co-worker, Mike Bell, both employed by defendant, Northrop Corp. (Northrop), went to a party together from work in Bell's car, leaving plaintiff's car in the Northrop parking lot. Bell allegedly "became extremely drunk, intoxicated and irrational" at the party, and plaintiff drove Bell's automobile and Bell back to the Northrop parking lot, where plaintiff refused to return Bell's car keys, because Bell was too "drunken and intoxicated" to drive and "driving in such a condition would be dangerous and hazardous." Plaintiff then told Bell that he would drive Bell home. Bell became enraged, insisted upon the return of his keys so that he could drive himself home, and began an argument with plaintiff, demanding the return of his keys. The dispute was observed by another Northrop employee who notified security guards who apparently came and broke up the "altercation."

Northrop conducted an investigation of the circumstances of the incident and, according to the complaint, found that "the cause and reason for the altercation was *** that PLAINTIFF was attempting to keep *** BELL from operating an automobile while drunk and intoxicated." Northrop subsequently fired both plaintiff and Bell; according to the complaint, Northrop's stated reason for discharging plaintiff was: "for 'being under the influence of intoxicants' and 'fighting on company property.' "

On February 10, 1986, plaintiff filed a complaint against Northrop in the circuit court of Cook County alleging, among other things:

> "11. That the actions of the DEFENDANT in terminating the PLAINTIFF from his employment were in breach of its duty to the PLAINTIFF and in retaliation for PLAINTIFF'S actions to avoid crime and to assist and to transport an intoxicated person."

In support of his claim, plaintiff asserted that his actions in preventing a drunken co-worker from driving while intoxicated were reflective of the public policy of Illinois, stating:

"8. That it is the duty of the DEFENDANT to refrain from taking retaliatory action against an employee for the exercise of conduct which is encouraged or protected by the public policy of the State of Illinois. [Citation.]

9. That the public policy of the State of Illinois encourages its citizens who drive, including the PLAINTIFF, to offer assistance and transportation to anyone who has become intoxicated so that a drunken and intoxicated person will not operate a motor vehicle upon the highways of the State of Illinois and endanger the lives of other persons along and upon the highways.

10. That it is also the public policy of the State of Illinois to encourage its citizens to take action to prevent crime including the crime of Driving Under the Influence of Alcohol, Ill. Rev. Stat. [1985], Chpt. 95½, sec. 11—501."

Plaintiff sought attorney fees and costs, and both actual and punitive damages in excess of $15,000.

On May 1, 1986, under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), Northrop moved to dismiss plaintiff's complaint for failure to state a cause of action, contending that plaintiff was discharged for fighting and being intoxicated on company property and that such a discharge was not against the public policy of Illinois. Memoranda on the dismissal motion were filed in which plaintiff submitted numerous pamphlets and documents purporting to demonstrate that his actions were supported by public policy. After hearing arguments of counsel, the court granted Northrop's motion on August 22, 1986, dismissing the complaint with prejudice, based upon the perceived inappropriateness of premising a claim for retaliatory discharge on a public policy which was collateral or ancillary to the conduct which led to plaintiff's discharge. The complaint contained no assertion or allegation that Northrop encouraged, was in favor of, or even was ambivalent towards drunk driving by its employees; rather, it merely contained a conclusory allegation that Northrop had discharged plaintiff in retaliation for his effort to prevent a drunk from driving.

Plaintiff's motion to vacate the dismissal was denied on December 10, 1986. He appeals.

■■ ■ In reviewing the dismissal of plaintiff's complaint, we must decide whether, as a matter of law, it sufficiently stated a cause of action. (*Rothe v. Maloney Cadillac, Inc.* (1986), 142 Ill. App. 3d 937, 939, 492 N.E.2d 497, *appeal allowed* (1986), 112 Ill. 2d 594.) All well-pleaded facts and reasonable inferences drawn therefrom must be

taken as admitted and true for the purpose of testing the sufficiency of the pleading. (*Coughlin v. SeRine* (1987), 154 Ill. App. 3d 510, 513, 507 N.E.2d 505; *Rothe v. Maloney Cadillac, Inc.* (1986), 142 Ill. App. 3d 937, 939, 492 N.E.2d 497; *Moroni v. Intrusion-Prepakt, Inc.* (1960), 24 Ill. App. 2d 534, 540, 165 N.E.2d 346.) No cause of action should be dismissed at the pleading stage unless it clearly appears that no set of facts could be proved, consistent with the complaint, which would entitle plaintiff to recover. *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505-06, 485 N.E.2d 372, *cert. denied* (1986), 475 U.S. 1122, 90 L. Ed. 2d 187, 106 S. Ct. 1641.

 In Illinois, the general rule in an employment at will relationship, such as apparently existed in the present instance, is that there is no limitation on the right of an employer to discharge an employee. An exception to this rule has been created, however, for retaliatory discharges. (*Price v. Carmack Datsun, Inc.* (1985), 109 Ill. 2d 65, 67, 485 N.E.2d 359.) An action for retaliatory discharge requires that plaintiff allege that his discharge was in retaliation for his activities, and that the discharge was in contravention of a clearly mandated public policy. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505, 485 N.E.2d 372; *Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185, 476 N.E.2d 1284.) For an activity to be a matter of clearly mandated public policy, it " 'must strike at the heart of a citizen's social rights, duties, and responsibilities.' " (*Price v. Carmack Datsun, Inc.* (1985), 109 Ill. 2d 65, 69, 485 N.E.2d 359, quoting *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130, 421 N.E.2d 876.) The tort of retaliatory discharge must be construed narrowly and expansion of the tort is to be discouraged. *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 525, 478 N.E.2d 1354.

██ In the case *sub judice*, plaintiff's complaint alleges: (1) Bell was drunk; (2) plaintiff attempted to prevent Bell's driving by refusing to return his car keys; (3) an altercation ensued between Bell and himself due to his efforts; (4) it is the public policy of Illinois to discourage drunk driving; and (5) he was discharged by Northrop "in retaliation" for his actions. Contrary to his assertions, however, his discharge was not in retaliation for his actions; instead, according to his own complaint, it was due to his intoxication and his fighting with Bell on Northrop property. Plaintiff did not allege that these stated reasons were a pretense; rather, he appears to assert that the fighting, stated by Northrop as the cause of the discharge, was inextricably linked to his efforts in furtherance of Illinois public policy. (See *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 528-29, 478 N.E.2d

1354.) Plaintiff was not discharged for pursuing goals identified as the public policy of Illinois. (See *Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185, 476 N.E.2d 1284.) He was discharged because the means which he employed in the furtherance of those goals, regardless of the merit of his alleged goals, led to his fighting with a fellow employee in his employer's parking lot. His discharge was not predicated on his efforts to prevent Bell from driving while intoxicated, but instead, due to the manner in which those efforts were manifested.

Additionally, his complaint identifies as a second stated basis for his discharge his intoxication on Northrop property. Nothing contained in his complaint counters this independent ground for discharge, nor does anything in the complaint indicate that the assertion, factually pleaded within his own complaint, was untrue.

Consequently, although plaintiff's alleged goal appears laudable, and the stated policy of this State is undoubtedly meritorious, it does not follow that every action taken in pursuit thereof must perforce be capable of supporting an action for retaliatory discharge.

Plaintiff has failed to allege the existence of a link between his purported objective, discouraging drunk driving, and his discharge. Rather, what he has demonstrated is a link between the means by which he pursued his purported objective, engaging in a fight with a fellow employee on his employer's property, and his discharge. He has failed, therefore, to sufficiently allege that his discharge was caused by Northrop's desire to retaliate against him for his pursuit of his duties and responsibilities of citizenship.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and STAMOS, J., concur.