**Ronald DAWSON, Plaintiff,**

v.

**W. & H. VOORTMAN, LIMITED, a Canadian Corporation, Defendant.**

No. 92 C 8088.

United States District Court, N.D. Illinois, Eastern Division.

March 28, 1994.

Edward Kaplan, Edward Kaplan & Associates, Chicago, IL, for plaintiff.

John Joseph Reidy, Timothy Scott Breems, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the motion of defendant W. & H. Voortman, Ltd. ("Voortman"), to dismiss the twelve-count Complaint of plaintiff Ronald Dawson in its entirety. The motion is brought pursuant to both Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, and Rule 12(b)(1), for lack of subject matter jurisdiction.[1] For the following reasons, the motion is granted in part and denied in part.

### I. FACTS

Plaintiff's Complaint alleges as follows: From November 1984 until July 14, 1989, plaintiff was employed as a sales representative for defendant. Pursuant to his employment, plaintiff received an employment policy manual to assist him in the operation of his business as a cookie distributor. On or about July 14, 1989, defendant, without legal justification or excuse or advance notice, terminated plaintiff as a Voortman representative effective immediately.

In Counts I and II, Dawson alleges he is entitled to commissions and exemplary damages due him pursuant to the Illinois Sales Representative Act. 820 ILCS 120/0.01 through 120/3. In Count III, Dawson alleges that he is entitled to recover the expenditures that he incurred from operating, expanding and maintaining a sales territory during the period of his employment. In Count IV, plaintiff seeks to recover for the intentional and tortious interference with his business relationships caused by defendant as a result of his employment termination. In Count V, Dawson seeks recovery for Voortman's intentional misrepresentation arising out of its April 1989 concealment of the fact that plaintiff was to be terminated in July 1989. In Count VI, Dawson requests relief for his loss of future profits as a result of his employment termination. In Count VII, plaintiff seeks relief for the breach of an implied-in-fact contract resulting from his employment termination. In Count VIII, plaintiff alternatively alleges that he is entitled to recover for defendant's unjust enrichment. In Count IX, Dawson seeks recovery under the theory of promissory estoppel as a

---

1. Defendant's arguments as to subject matter jurisdiction are regarding the amount-in-controversy requirement. Defendant's jurisdictional argument is that because the Complaint fails to state a claim upon which relief can be granted, the amount in controversy could not exceed $50,-000.00. The Complaint, however, today is not dismissed in its entirety, so defendant's Rule 12(b)(1) argument fails.

result of his reliance on the employment contract and the defendant's promise of continued employment. In Count X, Dawson seeks to recover for a violation of the Sherman Act, 15 U.S.C. §§ 1 *et seq.* for Voortman's mandatory price formula for the sale of a distributorship business and for an illegal tying arrangement.[2]

## II. DISCUSSION

### A. Standard For Motion To Dismiss

■■■ A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted will only be granted if it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle him to recover. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must take all well-pleaded facts and allegations as true, and must view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Plaintiff is entitled to all reasonable inferences that can be drawn from the complaint. *Id.*

### B. Dismissal Of All Claims Because Relationship Is Terminable At Will

■■ In its motion to dismiss, defendant contends that all counts of the Complaint should be dismissed because the relationship between Dawson and W & H Voortman was terminable at will. In support of this contention, defendant relies on the maxim that under Illinois law, a contract which fails to fix a time for its duration is ordinarily terminable at the will of either party. *Dempz v. Burns & Assocs., Inc.,* 1989 WL 153319, at *2 (N.D.Ill. Nov. 7, 1989); *Duldulao v. St. Mary of Nazareth Hosp. Ctr.,* 115 Ill.2d 482, 489, 106 Ill.Dec. 8, 11, 505 N.E.2d 314, 317 (1987). However, this conclusion does not end the matter.

■■ The policy manual issued by Voortman to Dawson (attached to the Complaint as Exhibit A), states the following: "The

territory assigned shall remain the exclusive sales area of the distributor so long as the distributor is willing and able to conduct his business according to the policies and procedures stipulated by W. & H. Voortman Limited in this handbook...." (Complaint ex. A at 3) Given that the court is to draw all reasonable inferences from the facts as set forth in the Complaint, it appears that the policy manual sets forth what can be analogized to a "for cause" termination clause. Under Illinois law, a contract provision that fails to specify the length of the term of employment, but that does set forth conditions upon which termination may be based, is not terminable at will, but is terminable upon the existence of those conditions. *E.g., Scaramuzzo v. Glenmore Distilleries Co.,* 501 F.Supp. 727, 732 (N.D.Ill.1980). The Complaint sufficiently alleges the theory that plaintiff never violated the policy manual's provisions and was therefore not susceptible to termination at will. Accordingly, defendant's Motion to Dismiss in this regard is denied.

### C. Counts III–X—Release Of Claims

■ In defendant's motion to dismiss, it is also asserted that Counts III through X should be dismissed in accordance with a release of claims that was signed by plaintiff Dawson pursuant to a prior decision by a court of this district. (*See* Full and Final Release and Confidentiality Agreement, attached as Exhibit B to defendant's Motion to Dismiss)

In *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987), the Seventh Circuit noted that when reviewing a motion to dismiss the court should remember that "[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." The release at bar is not within "the language of the complaint"; nor is it a "matter[ ] of which the court may take judicial notice." *Id.* Therefore, a mo-

---

2. Plaintiff in briefs concedes to dismissal of Counts XI and XII, so the court does not discuss those counts.

tion to dismiss on this ground would be premature and improper. Defendant's theory appears more appropriate for a summary judgment motion than a motion to dismiss, and the court would entertain such a summary judgment motion based on the release.

### D. Counts I and II—The Sales Representative Act

■ With respect to Counts I and II, relying on the Sales Representative Act, defendant asserts that plaintiff is collaterally estopped from pursuing relief on these grounds. Defendant relies on a 1988 ruling by Judge Parsons, then a judge of this district, in a case between the parties at bar. *See Dawson v. W. & H. Voortman, Ltd.,* No. 87 C 6651, 1988 WL 72335 (N.D.Ill. July 6, 1988) (attached as Exhibit C to defendant's Motion to Dismiss). There, Judge Parsons held that plaintiff Dawson was not a sales representative within the meaning of the Illinois Sales Representative Act. *Id.* at 6–7, 1988 WL 72335; 820 ILCS 120/0.01 through 120/3. Judge Parsons's ruling was based in part on his examination of Dawson's relationship with his employer in general.

■ The doctrine of collateral estoppel bars relitigation of issues that were actually and necessarily decided in prior litigation between the parties. *White v. Elrod,* 816 F.2d 1172, 1174 (7th Cir.), *cert. denied,* 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987); *In re Vitreous Steel Products Co.,* 911 F.2d 1223, 1234 (7th Cir.1990). For collateral estoppel to apply, its four elements must be satisfied: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *La Preferida, Inc. v. Cerveceria Modelo,* 914 F.2d 900, 905–06 (7th Cir.1990).

Needless to say, close scrutiny of Judge Parsons's ruling is critical to the analysis here. That fact makes it all the more shameful that the parties have misrepresented—a word not chosen lightly—the nature of Judge Parsons's ruling. In his briefing, plaintiff cuts away Judge Parsons' general comments on the relationship between plaintiff and defendant. Defendant in turn cuts away that portion of Judge Parsons's ruling that was specific to the facts of that earlier case. Defendant's neglect is the one that counts, since it is defendant as movant who now asks this court to act. Defendant's failure to fully and accurately argue the collateral estoppel issue is the first reason for denial of defendant's motion as to Counts I and II. The second reason is that the general comments by Judge Parsons were not essential to his holding. Judge Parsons in the same paragraph discussed why Dawson's not having been terminated prevented his claim under the Act. Plaintiff now asserts he was terminated, making this case materially different from the one in front of Judge Parsons.

Accordingly, as to Counts I and II, defendant's motion to dismiss is denied.

### E. Count III—Reimbursement Of Expenses

■ Voortman also seeks a Rule 12(b)(6) dismissal of Count III of the Complaint. In short, plaintiff seeks reimbursement for his expenses in establishing, operating and expanding his sales territory that he has incurred since the beginning of his employment in 1984.

In *P.S. & E. Inc. v. Selastomer Detroit, Inc.,* 470 F.2d 125, 128 (7th Cir.1972), the Seventh Circuit, anticipating Illinois law, noted:

> " '[I]n any case of an indefinite agency where it is revoked by the principal, if it appears that the agent, induced by his appointment, has in good faith incurred expense and devoted time and labor in the matter of the agency without having had a sufficient opportunity to recoup such from the undertaking, the principal will be required to compensate him in that behalf; for the law will not permit one thus to deprive another of value without awarding just compensation. The just principle acted upon by the courts in the circumstances suggested requires no more than that, in every instance, the agent shall be afforded a reasonable opportunity to avail himself of

the primary expenditures and efforts put forth to the end of executing the authority conferred upon him and that, if such opportunity is denied him, the principal shall compensate him accordingly.'"

*Id.* (citations omitted). Dawson has sufficiently pleaded this theory.

However, as Voortman contends, this does not end the inquiry, due to the statute of limitations. Defendant contends that if they have an obligation to compensate the plaintiff for such expenses, such a claim arose in November 1984 and is barred by the five-year statute of limitations on unwritten contracts. 735 ILCS 5/13–205. No party disputes that this is the correct statute of limitations to apply.

■ When applying the five-year statute of limitations on unwritten contracts, the general principle is that a " 'statute of limitations [period] begins to run when the party has the right to invoke the aid of the court and to enforce his remedy.' " *Rohter v. Passarella,* 246 Ill.App.3d 860, 869, 186 Ill.Dec. 807, 812, 617 N.E.2d 46, 52 (1993) (citation omitted). Pursuant to this rule, plaintiff could have billed defendant for his expenditures as he incurred them. Therefore, Count III is dismissed in part, limiting the count to expenses incurred by Dawson within the five years preceding the filing of this action.

### F. *Count IV—Tortious Interference With Business Relationships*

■ As a result of his employment termination, Dawson requests relief for a tortious interference with his business relationships. Defendant's motion to dismiss as to this tortious interference count is granted.

Defendant relies on the well-established principle of Illinois law that if the interference involves only the defendant's exercise of rights that it already possesses to protect its financial interest, a claim for tortious interference with prospective business relationships will not stand. *IK Corp. v. One Financial Place Partnership,* 200 Ill.App.3d 802,

819, 146 Ill.Dec. 198, 209, 558 N.E.2d 161, 172, *appeal denied,* 135 Ill.2d 556, 151 Ill. Dec. 383, 564 N.E.2d 838 (1990). However, even assuming *arguendo* that the court had concluded that the relationship was at will as a matter of law, Illinois courts have held that a tortious interference claim may be actionable even if the relationship is terminable at will. *LaRocco v. Bakwin,* 108 Ill.App.3d 723, 731, 64 Ill.Dec. 286, 292, 439 N.E.2d 537, 543 (1982).

■ This does not, however, end the discussion of applicable Illinois law. The acts that form the basis of a tortious interference claim must be acts directed at parties other than the plaintiff. *Mitchell v. Weiger,* 87 Ill.App.3d 302, 305, 42 Ill.Dec. 543, 546, 409 N.E.2d 38, 41 (1980); *IK Corp.,* 200 Ill. App.3d at 819, 146 Ill.Dec. at 209, 558 N.E.2d at 172. Because Dawson fails to allege that Voortman's acts were directed at anyone other than himself, the motion to dismiss this Count IV is granted.[3]

### G. *Count V—Fraud/Intentional Misrepresentation*

It should be noted at the outset that plaintiff has couched Count V of his complaint in language of "intentional misrepresentation," (Complaint ¶ 40) while the defendant has couched its motion to dismiss in language of "fraud" (Motion to Dismiss at 8). The court has found no Illinois case law, nor has plaintiff cited any, which distinguishes between these supposedly distinct cause of action. To illustrate, Illinois cases have contained the following language: "Fraud is the intentional misrepresentation of a material fact...." *In re marriage of Lindjord,* 234 Ill.App.3d 319, 326, 175 Ill.Dec. 500, 505, 600 N.E.2d 431, 436 (1992); "Actual fraud is an intentional misrepresentation or intentional concealment, by one party, of a material fact...." *Obermaier v. Obermaier,* 128 Ill.App.3d 602, 606, 83 Ill.Dec. 627, 631, 470 N.E.2d 1047, 1051 (1984), *appeal denied* (Mar. Term 1985); and in discussing a fraudulent misrepresenta-

---

**3.** Plaintiff never disputes defendant's argument that the plain terms of the Policy Manual negate the claim for intentional interference by establishing that plaintiff has no actionable right to his relationship with his customers. (Motion to Dis-

miss at 7; Plaintiff's Response at 8–9) This argument having been waived by plaintiff, it is an independent reason to grant defendant's motion as to Count IV.

tion claim a court noted "it does not rise to the level of an intentional misrepresentation." *Rybicki v. Anesthesia & Analgesia Assoc., Ltd.*, 246 Ill.App.3d 290, 297, 186 Ill. Dec. 179, 184, 615 N.E.2d 1236, 1241 (1993).

 Looking at the supposed distinction from a different angle, intentional misrepresentation is one of the requisites for establishing common law fraud. These requirements are: (1) that a false statement of material fact was intentionally made; (2) that the party to whom the statement was made had a right to rely on it and did rely on it; (3) that the statement was made for the purpose of inducing the other party to act; and (4) that reliance by the person to whom the statement was made led to his injury. *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill.App.3d 154, 161, 109 Ill.Dec. 541, 545, 510 N.E.2d 409, 413 (1986), *appeal denied*, 116 Ill.2d 578, 113 Ill.Dec. 320, 515 N.E.2d 129 (1987). Plaintiff's fraud claim revolves around defendant's concealment on or about April 14, 1989, of its intention to terminate plaintiff's employment and its assurance that "all was well." The intentional concealment of a material fact is the equivalent of a false statement of a material fact, and, where there is a duty to speak, constitutes fraudulent concealment. *Id.*

 However, the events of April 14, 1989, as alleged, amount to a statement or opinion relating to future events or probabilities, rather than to pre-existing facts—the future event being Dawson's employment termination. This type of fraud, known as promissory fraud, is disfavored in Illinois because fraud is easy to allege and difficult to prove. *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir.1992). Thus the burden of a plaintiff claiming promissory fraud is deliberately high.

"In order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent—a scheme or device. If he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief. If the rule were otherwise, anyone with a breach of contract claim could open the door to tort damages by alleging that the promises broken were never intended to be per-

formed. Presumably, it is this result that the Illinois rule seeks to avoid." *Id.* (citation omitted).

 Thus, there is an established exception to the rule that promissory fraud is not actionable in Illinois—if the " 'false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud.' " *Bower*, 978 F.2d at 1011 (citation omitted). However, Voortman's assurance that "all is well" does not constitute an express promise. If anything, the "promise" can only be inferred from the circumstances. However, there is "no Illinois case in which an alleged or even proven *implied* promise or representation was found to be a sufficient basis for applying the scheme or device exception." *Hollymatic Corp. v. Holly Systems, Inc.*, 620 F.Supp. 1366, 1369 (N.D.Ill.1985).

 Moreover, dismissal of the fraud count is further warranted by the application of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity...." This requires that the Complaint state " 'the identity of the person making the misrepresentation, the time, place, and context of the misrepresentation, and the method by which the misrepresentation was communicated.' " *Wade v. Hopper*, 993 F.2d 1246, 1250 (7th Cir.) (citations omitted), *cert. denied*, —— U.S. ——, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993). In the case at bar, the Complaint fails to satisfy the particularity requirement. It does not state the place where the alleged misrepresentation occurred, nor does it state the person who made the alleged misrepresentation.

For the foregoing reasons, Count V of plaintiff's Complaint, predicated on fraud, is dismissed.

### H. *Count VI—Future Lost Profits*

██ In Count VI of his Complaint, Dawson seeks relief for the loss of his future profits as a result of his employment termination. Defendant seeks to dismiss because (1) the relationship was terminable at will; and (2) the claimed damages are speculative.

Defendant's first argument is disposed of above. Defendant's second argument to the extent it is fleshed out at all appears to be dependent upon the first argument. To the extent the second argument is not dependent upon the first, it is entirely conclusory. The court will not research and consider the de-. tails of defendant's argument where defendant has done little more than provide what would be an opening paragraph to a more properly framed argument.

Accordingly, as to Count VI, defendant's motion is denied.

### I. Counts VII and VIII: Breach Of Implied–In–Fact Contract, Unjust Enrichment

In Counts VII and VIII, plaintiff alleges that an implied-in-fact contract existed between the parties, or in the alternative that defendant has been unjustly enriched. Voortman moves to dismiss both of these counts pursuant to the five-year statute of limitations provision for unwritten contracts. 735 ILCS 5/13–205. In this regard, the motion is denied.

Illinois courts have long recognized the existence of contracts implied in fact. *See, e.g., Board of Highway Comm'rs v. City of Bloomington*, 253 Ill. 164, 171–73, 97 N.E. 280, 283–84 (1912). "The only difference between an express contract and a contract implied-in-fact is that in the former the parties arrive at their agreement by words, either oral or written, while in the latter, their agreement is arrived at by a consideration of their acts and conduct." *Century 21 Castles by King, Ltd. v. First Nat'l Bank of Western Springs*, 170 Ill.App.3d 544, 548, 121 Ill.Dec. 174, 177, 524 N.E.2d 1222, 1225 (1988). The statute of limitations for implied contracts is five years. 735 ILCS 5/13–205.

 Thus, the chief issue is when the statute begins to run: at the time the contract is entered into, as defendant suggests, or at the time of the breach. The Illinois Supreme Court has answered this question. A cause of action for breach of contract normally accrues on the date of the breach of contractual duty. *See West American Ins. Co. v. Sal E. Lobianco & Son Co.*, 69 Ill.2d

126, 132, 12 Ill.Dec. 893, 896, 370 N.E.2d 804, 807 (1977). Therefore, the motion to dismiss Count VII and VIII fails regarding the statute of limitations issue, as there is not a violation of the statute of limitations on the face of the Complaint.

As far as a more substantive attack on the counts, this is the entirety of plaintiff's argument on defendant's substantive attack on Counts VII and VIII: "Voortman's comments on implied contract ignore Judge Parsons's July 6, 1989 [sic] ruling on that subject. Dawson relies on that ruling here and in that regard, no further comment is necessary." (Plaintiff's Response at 10) Judge Parsons's ruling on that issue was very complaint-specific; the ruling dealt with the sufficiency of the complaint in front of him. But even leaving that aside, plaintiff has failed to construct what the court can only assume is an argument for application of collateral estoppel. Plaintiff's two-sentence reply only hints at a collateral estoppel argument; it is almost as ineffective as no reply at all.

Defendant's arguments here, however, go to the level of detail provided in the Complaint. Under the liberal federal pleading standard, plaintiff has provided sufficient allegations, and thus the Complaint survives defendant's motion as to Counts VII and VIII.

### J. Count IX—Promissory Estoppel

 Illinois recognizes the doctrine of promissory estoppel and will sustain a claim based on this theory if the four prerequisites are present: an unambiguous promise, reliance on this promise, which reliance was expected and foreseeable, and some injury resulting from the reliance. *Lamaster v. Chicago & Northeast Ill. Dist. Council of Carpenters Apprentice & Trainee Program*, 766 F.Supp. 1497, 1505 (N.D.Ill.1991). In order to allege an unambiguous promise, for purposes of promissory estoppel, an express promise is not required. *Falk v. U.H.H. Home Servs. Corp.*, 835 F.Supp. 1078, 1080 (N.D.Ill.1993); *First Nat'l Bank v. Sylvester*, 196 Ill.App.3d 902, 911–12, 144 Ill.Dec. 24, 31, 554 N.E.2d 1063, 1070, *appeal denied*, 133 Ill.2d 555, 149 Ill.Dec. 320, 561 N.E.2d 690 (1990).

Plaintiff has treated Count IX as he treated Counts VII and VIII, asserting but a conclusory argument. However, defendant's arguments rest on the "at-will" argument that was considered above. Therefore, the court will apply plaintiff's arguments regarding defendant's broader at-will argument and deny defendant's motion as to Count IX.

 Plaintiff Dawson has adequately alleged an unambiguous promise. He states that on April 14, 1989, Voortman promised him continued employment and that "all was well." Furthermore, it arguably is alleged to have been foreseeable that Dawson would continue to expend resources in the course of his employment as a result of this promise. And lastly, by expending resources from the date of his promise to the date of his termination, Dawson relied on that promise to his detriment. Therefore, looking at the Complaint in a light most favorable to plaintiff, the Motion to Dismiss as to Count IX must be denied.

**K. *Count X—Antitrust***

Defendant's first argument is on statute of limitations. Defendant's argument is entirely conclusory, and the court is under no obligation to marshall defendant's arguments for it. In this regard, the Motion to Dismiss as to Count X is denied.

Regarding substance, in Plaintiff's Response brief, he has only maintained he is arguing an illegal price restriction, not an illegal tying arrangement. (Plaintiff's Response at 10) Therefore, the court will only consider plaintiff's ability to state a claim as regards an illegal price restriction.

Plaintiff alleges an antitrust violation in the employment policy manual, which dictates a formula for calculating the top resale figure for plaintiff's territorial rights. Defendant correctly points out that plaintiff fails to allege a relevant market and the requisite competitive injury within that market. "It is only when the contract results in injury to competition in a relevant market that a violation occurs." *Unity Ventures v. County of Lake,* 631 F.Supp. 181, 192 (N.D.Ill.1986), *aff'd,* 841 F.2d 770 (7th Cir.), *cert. denied,* 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988). In essence, all of plaintiff's allegations revolve around its own contractual relationship with defendant. An antitrust claim must go further.

Accordingly, as to Count X, defendant's motion is granted.

### CONCLUSION

Defendant's Motion to Dismiss the Complaint as to the issue of failure to state a claim is granted in part and denied in part. FED.R.CIV.P. 12(b)(6). As to the issue of subject matter jurisdiction, said motion is denied. FED.R.CIV.P. 12(b)(1). Counts IV, V, X, XI, and XII are dismissed in their entirety. Count III is dismissed in part and not dismissed in part as stated in this opinion. Counts I, II, VI, VII, VIII and IX survive this motion in their entirety. The dismissal as to Counts XI and XII is with the consent of plaintiff.