**Brian KILLACKY, Plaintiff–Appellant,**

**v.**

**HONDO, INCORPORATED, d/b/a Coca–Cola Bottling Company of Chicago, Defendant–Appellee.**

No. 03–3177.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 2004.

Decided April 20, 2004.

Stanley H. Jakala, Berwyn, IL, for Plaintiff-Appellant.

Eric T. Presnell, Miller & Martin, Nashville, TN, for Defendant-Appellee.

Before CUDAHY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Brian Killacky was fired by Coca–Cola Bottling Company for failing to take a timely breathalyser test. He sued for wrongful discharge, arguing that the company had terminated his employment in violation of an implied contractual relationship. The district court rendered judgment on the pleadings and concluded that Killacky was an at-will employee who, because he could be fired without cause, had no cause of action. Killacky appeals, and we affirm.

Killacky was an account manager at Coca–Cola Bottling where he sold the company's product to customers on his sales route. One morning he was informed by human resource representative Jerry McCudden that he had been selected to take an at-random breathalyser test. Killacky did not immediately take the test because he had a full day ahead of him servicing several other sales routes in addition to his own. When Killacky returned from the routes, he was directed by McCudden and the company plant manager to take both a breathalyser and a drug test. Killacky at that point was happy to comply and submitted to the tests, which he passed. Coca–Cola Bottling, however, terminated his employment ten days later for failing to take the breathalyser immediately after being requested to do so by McCudden.

Killacky then sued a related but separate entity, Coca–Cola Enterprises, in Illinois state court alleging wrongful discharge. Coca–Cola Enterprises, despite the fact that it did not actually employ Killacky, went ahead and answered the complaint, removed the case to federal court based on diversity jurisdiction, and moved for judgment on the pleadings. Fed.R.Civ.P. 12(c). The district court granted the motion and dismissed Killacky's complaint because Killacky was an at-will employee who could be fired for any or no reason.

On appeal it came to our attention that Killacky was not actually employed by Coca–Cola Enterprises but rather by its subsidiary company, Hondo, Incorporated, which does business as the Coca–Cola Bottling Company of Chicago. We have decided to substitute Hondo, Incorporated for Coca–Cola Enterprises, but will continue to refer to the defendant as "Coca–Cola" for simplicity's sake.

Coca–Cola's motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), like a motion for failure to state a claim, Fed.R.Civ.P. 12(b)(6), should not be granted unless it appears beyond doubt that Killacky cannot prove any facts that would support his claim for relief. *Delgado v. Jones,* 282 F.3d 511, 515 (7th Cir.2002); *Gustafson v. Jones,* 117 F.3d 1015, 1017 (7th Cir.1997). We review the decision to grant a motion under Rule 12(c) de novo and view the allegations of the complaint in the light most favorable to Killacky, the non-moving party. *Delgado,* 282 F.3d at 515; *Gustafson,* 117 F.3d at 1017.

Killacky acknowledges that in Illinois an employee without a fixed term of employment, like himself, works at-will and may be fired for any reason. *Brandon v. Anesthesia & Pain Mgmt. Assoc.,* 277 F.3d 936, 940 (7th Cir.2002); *Buckner v. Atlantic Plant Maint., Inc.,* 182 Ill.2d 12, 230 Ill. Dec. 596, 694 N.E.2d 565, 568 (1998). The district court erred, he argues, because his firing implicates two exceptions to this rule: violation of a condition of employment stated by the parties and retaliatory discharge in violation of Illinois's public policy against drunk driving. Alternatively he contends that he was not really an at-will employee because the drug and alcohol policy contained in his employment handbook created a contractual relationship between himself and Coca–Cola.

■ Killacky first argues that the district court erred because his firing violated an obscure exception to the at-will termination rule, namely where an "employee is terminated in violation of particular conditions stated by the parties." *LaScola v. US Sprint Comm.,* 946 F.2d 559, 563–64 (7th Cir.1991). According to this exception, an employment contract that contains conditions upon which termination may be based is not terminable at-will, even if the term of employment is of indefinite length.

*See Donahue v. Rockford Showcase & Fixture Co.,* 87 Ill.App.2d 47, 230 N.E.2d 281, 281–82 (1967) (opinion on rehearing); *see also Dawson v. W. & H. Voortman, Ltd.,* 853 F.Supp. 1038, 1042 (N.D.Ill.1994).

Killacky argues that his discharge was wrongful because he complied with a "stated" condition of employment–the random drug and breathalyser tests. But his compliance with the tests is irrelevant because Killacky has not alleged any condition of employment specifying the circumstances under which he could be terminated. For example, the *LaScola* exception might be triggered if Killacky alleged an agreement with Coca–Cola that Coca–Cola would not fire him if he submitted to the drug tests. *Cf. Donahue,* 230 N.E.2d at 281–82 (provision that employment " 'would be automatically cancelled' if shipments to plaintiff's customers did not total $25,000 in any year"); *Scaramuzzo v. Glenmore,* 501 F.Supp. 727, 732 (N.D.Ill.1980) (promise that employee would be fired only for good cause raised question as to whether "condition upon which termination may be based" existed). Because Killacky has not alleged such a condition, his argument cannot succeed.

■ Killacky also seems to raise a related "satisfactory performance" argument; that is, because he satisfied the terms of the drug and alcohol policy, his termination was wrongful. He also argues that the district court erred when it found that he failed to take the tests in a timely manner because he asserts that Coca–Cola did not specify when he needed to take them. But assuming that he performed to Coca–Cola's satisfaction, Illinois courts have held that even explicit "satisfactory performance" language in an employment contract (which Killacky does not allege or point to) does not modify the nature of at-will employment, so he could be fired despite meeting or even exceeding expecta-

tions. *See Hammond Group, Ltd. v. Spalding & Evenflo Cos., Inc.*, 69 F.3d 845, 848 (7th Cir.1995).

■ Killacky next makes a confusing challenge to the district court's conclusion that his termination was not a retaliatory discharge. Retaliatory discharge is a "limited and narrow cause of action" that allows a plaintiff to recover if he can show that he was discharged "in retaliation for [his] activites" and that the discharge violated public policy. *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill.2d 29, 206 Ill.Dec. 625, 645 N.E.2d 877, 880 (1994). Killacky contends that one of Illinois's public policies is "to prevent intoxicated persons from operating motor vehicles." Because he was fired after passing the drug and alcohol tests, he argues, his termination violated this policy.

This argument is hard to follow. Killacky cites *Stilphen v. Northrup Corporation*, 161 Ill.App.3d 560, 113 Ill.Dec. 345, 515 N.E.2d 154 (1987), for the dubious proposition that Illinois courts recognize a cause of action for retaliatory discharge if the termination violates the public policy against drunk driving. But even granting him this point (which *Stilphen* in fact does not appear to support) Killacky did not allege or even argue that Coca–Cola fired him "in retaliation for [his] activities"–only that it fired him without cause. *See Zimmerman*, 206 Ill.Dec. 625, 645 N.E.2d at 880. Because he has not alleged any retaliation, his argument cannot prevail.

■ Additionally, Killacky argues for the first time on appeal that terminating an employee for refusing to take a drug test violates a constitutional right to privacy, again devoting significant discussion to case law on this issue. Not only is this argument waived, *see Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir.2000), but because Killacky did not refuse to take the test but rather did not submit to it immediately, he cannot now claim that he was terminated for asserting his right to privacy.

■ Finally, Killacky argues that the drug and alcohol policy contained in his employee handbook created an implied contractual obligation between himself and Coca–Cola. As long as he complied with the terms of the handbook, Killacky argues, he had an enforceable employment contract with the company. It is true that under Illinois law, an employee handbook or other policy statement may create an enforceable contract between an employer and employee if traditional contract requirements are met. *Tatom v. Ameritech Corp.*, 305 F.3d 737, 742–43 (7th Cir.2002) (citing *Duldulao v. St. Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314, 318 (1987)). First, language in the handbook must contain a clear promise that an employee would reasonably believe to be an offer; next, the employee must be aware of the handbook's contents and believe it to be an offer; and finally, the employee must signal acceptance of the offer by commencing or continuing work after learning of it. *Id.* at 742.

Killacky contends that his submission to Coca–Cola's drug and alcohol policy "constituted consideration relative to compliance with this policy," thereby forming an employment contract "pursuant to which [he] would not be terminated as a result of complying with the [policy]." But Killacky does not point to or even allege the existence of any language in the handbook that would suggest a "promise clear enough that an employee would reasonably believe" that Coca–Cola conferred on him a right to certain procedures before he could be terminated or otherwise limited the nature of his at-will employment. *Duldulao*, 106 Ill.Dec. 8, 505 N.E.2d at 318. There-

fore, Killacky cannot show that he had an enforceable employment contract.

AFFIRMED.