**BUDGET RENT–A–CAR SYSTEM, INC., a Delaware corporation, Plaintiff—Appellant,**

v.

**BUDGET RENT A CAR OF SOUTHERN CALIFORNIA, a California general partnership, Defendant—Appellee.**

No. 04–55573.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Dec. 21, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jeffrey A. Rosenfeld, Esq., Piper Rudnick, LLP, Los Angeles, CA, Plaintiff–Appellant.

Norman M. Leon, Esq., Piper Rudnick LLP, Chicago, IL, Ronald L. Olson, Esq., Garth T. Vincent, Esq., Munger, Tolles & Olson, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiff-appellant Budget Rent–A–Car System, Inc. ("Budget") appeals from the district court's grant of defendant-appellee Budget Rent–A–Car of Southern California's ("SOCAL") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and procedural history, we do not recite them in detail here.

### I

A district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004). While review is generally limited to the contents of the complaint, the court may consider documents "properly submitted as part of the complaint," or documents upon which the complaint "necessarily relies," and whose "authenticity ... is not contested." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted).

### II

The only issue on appeal is whether the agreement between the parties constitutes a "perpetual" contract, *i.e.*, one of "indefinite duration," and is therefore terminable at will under Illinois law. "Contracts of indefinite duration are terminable at the will of either party." *Jespersen v. Minnesota Mining and Mfg. Co.*, 183 Ill.2d 290, 233 Ill.Dec. 306, 700 N.E.2d 1014, 1016 (1998). However, "[a]n agreement without a fixed duration but which provides that it is terminable *only* for cause or upon the occurrence of a specific event is in one sense of indefinite duration, but is nonetheless terminable only upon the occurrence of the specified event and not at

---

will." *Id.* (emphasis in original) (citing *R.J.N. Corp. v. Connelly Food Prods., Inc.*, 175 Ill.App.3d 655, 125 Ill.Dec. 108, 529 N.E.2d 1184 (1988), and *Dawson v. W. & H. Voortman, Ltd.*, 853 F.Supp. 1038, 1042 (N.D.Ill.1994)).

In the present case, the agreement between the parties is clearly not a contract of indefinite duration, both because it contains a definite term, and because it contains a means of termination upon the occurrence of a specified event. The parties expressly agreed to a five-year term, renewable for additional five-year terms at the option of SOCAL. The fact that SOCAL may choose to allow the agreement to automatically renew an undefined number of times does not render the term of the agreement indefinite. The term of the agreement is five years.

In addition, the parties agreed that if SOCAL chooses to terminate the agreement, it must give written notice of its intention to terminate—a specific event— to Budget at least six months prior to the end of any given five-year period. In exchange for this limited unilateral termination procedure, Budget received permanent international exclusive rights to the Budget trademarks and service marks, with the exception of a three-county territory in southern California reserved to SOCAL.

Thus the agreement provides both for a term of years and clearly outlines a mechanism for termination through occurrence of a specified event. We respect the clear intent of the parties in their formation of this agreement, and refuse to add a termination provision in favor of Budget when such an addition would so clearly contradict the parties' intent. *Jespersen*, 233 Ill.Dec. 306, 700 N.E.2d at 1017 ("[I]t

would be inappropriate for a court to step in and substitute its own judgment for the wisdom of the parties.").

AFFIRMED.